## PRICE, Assignee, v. BRAYTON.

1. **Fixtures:** NURSERY TREES. Nursery trees planted by the owner of real estate, become a part of the realty, and pass as such to a purchaser in the foreclosure of a mortgage executed by such owner, though the trees were planted after the execution of the mortgage. A different rule would apply as between landlord and tenant, if the trees were planted by a *tenant* for purposes of trade.

*Appeal from Delaware District Court.*

MONDAY, OCTOBER 16.

THIS is a submission, without action, upon an agreed statement of facts, as provided by chapter 131, of the Revision. So much of the facts as are essential to properly understand the questions determined, may be stated as follows: Hiram B. Melendy, being the owner of certain real estate in Delaware county, on the 1st day of January, 1856, mortgaged it to the school fund. On the 5th day of April, 1856, Melendy sold the land to Charles Harding, one of the firm of E. C. & C. Harding, subject to the said mortgage.

In 1856 and 1857, the said Hardings put out a nursery on the land, and in December, 1857, the said firm made a general assignment to the plaintiff, Price, who took possession of all their real estate and personal property, including the land and nursery in controversy. During the year, 1858, the plaintiff added to the nursery by putting out more trees for nursery purposes, and the same was held and used as a nursery, and trees sold therefrom as such ever since. During Harding's ownership he made a mortgage to one Thorpe, and suffered one or more judgments to be recovered against him.

On the 6th day of September, 1864, a decree of foreclosure was obtained upon the school fund mortgage, in which suit the. mortgagor, this plaintiff, his assignors and all other lien holders were made parties. A special execution was issued upon this decree, and on the 27th day of February, 1865, the land was sold thereunder to this defendant, John M. Brayton. The number of nursery trees on the land is about twelve thousand, worth from four to ten hundred dollars. Each party claims the nursery trees, and the question to be decided is, which party now owns them. The court below held that they belonged to defendant. The plaintiff appeals.

*Lyman N. Ingalls* for the appellant.

*John M. Brayton pro se.*

COLE, J. — If the rule as to the right to remove fixtures and emblements was the same between vendor and pur-
1. FIX-
TURES:
vendor and
vendee.
chaser, as it is between landlord and tenant, the
right of the plaintiff to the nursery trees in controversy could not well be questioned. But, as in a controversy between heirs and the executor, the rule

obtains with the utmost rigor in favor of the inheritance and against the right to consider, as a personal chattel, anything which has been affixed to the freehold; so also is the same rule applied between vendor and vendee, mortgagor and mortgagee; and growing crops, manure lying upon the land and fixtures erected by the vendor for the purpose of trade and manufactures, pass to the vendee of the land. 2 Kent Com., 345, 346. Whether the sale is by the owner or by a public officer under the law, the rule is the same. *Farrar* v. *Chauffetete*, 5 Denio, 527.

Fixtures made by the mortgagor after the mortgage become a part of the realty, as between him and the mortgagee, and cannot be removed. The mortgagor

2.—mortgagor.

is held to make such improvements as owner, for the permanent benefit of the estate; and in case of a sale under a mortgage foreclosure, the mortgagor will derive the advantage of it in the increased value thereof. *Winslow* v. *Merchants' Insurance Company*, 4 Metc., 306. Without now entering into the discussion of the reasons and foundations of the different rules as applicable in the different relations of heir and executor, executor of tenant for life, and remainderman or reversioner, landlord and tenant, landlord and tradesman tenant, vendor and vendee, and mortgagor and mortgagee, it is clear, that while the nursery trees in controversy would be considered as personal property as to one or more of the relations named, yet they did pass to the defendant in this case under his purchase, and he is the owner thereof. 1 Sug. on Vend., 45, note 1, and authorities cited and note to 2d Kent, *supra*.

Affirmed.