ADAMS v. BEADLE & SLEE.

1. **Fixtures;** NURSERY TREES: MORTGAGE. Nursery trees planted by the owner of real estate become a part of the realty and pass as such to a purchaser in the foreclosure of a mortgage executed by such owner, notwithstanding the owner may have executed a chattel mortgage upon the trees, which was recorded prior to the judicial sale.

*Appeal from Howard Circuit Court.*

THURSDAY, DECEMBER 13.

ON the 22d day of May, 1876, one D. W. Owen made a chattel mortgage to the plaintiff upon property described as follows: "All the nursery stock now growing, or situated, or which may be hereafter planted or situated upon the following described premises." (Here follows a particular description of the land upon which the nursery was situated.)

On the 30th day of May, 1877, plaintiff commenced this action against said Owen, to foreclose said chattel mortgage.

Beadle & Slee intervened in the action, and in their petition alleged that in the year 1870 Owen executed a mortgage to them upon the real estate described in the plaintiff's petition, for the purchase price of said premises, and that upon a judgment and decree for the foreclosure of said mortgage they purchased the same at sheriff's sale on the 1st day of December, 1876, to satisfy said judgment, and that a certificate of purchase was duly issued to them; that said premises, exclusive of said nursery stock, trees, shrubs etc., are of greatly less value than the claim of intervenors, which with interest and costs amounts to over $3,000; and that if plaintiff is permitted to enter upon and remove said trees and nursery stock intervenors' security will be greatly impaired.

It is prayed that the intervenors' right and interest in said nursery stock be deemed superior to plaintiff's chattel mortgage.

There was a demurrer to the petition of intervention, upon the ground that it did not state facts which entitled intervenors

to the relief demanded. The demurrer was sustained, the intervenors excepted and elected to stand upon their petition, and judgment was rendered for the plaintiff. The intervenors appeal.

*H. T. Reed*, for appellants.

*H. C. McCartey* and *M. D. Hendrick*, for appellee.

ROTHROCK, J. — The single question presented is whether the nursery stock in controversy passed to the plaintiff by the chattel mortgage, or to the appellants under their real estate mortgage, foreclosure and sale.

1. FIXTURES: nursery trees: mortgage.

It will be observed that appellants purchased the premises at the sale in satisfaction of their mortgage, and the land exclusive of the nursery stock is of greatly less value than the claim of appellants. Under these circumstances, if plaintiff should be permitted to remove the nursery stock appellants would be without remedy as against Owen. They are bound by their purchase at the sale.

If this controversy were between Owen and the appellants, or between appellants and a subsequent purchaser of the land from Owen, the question would not be an open one in this State. In *Price v. Brayton*, 19 Iowa, 309, it was held that nursery trees planted by the owner of real estate became a part of the realty and passed as such to a purchaser in the foreclosure of a mortgage executed by such owner.

Counsel for appellee insists that the case at bar is distinguishable from the case just cited, because in that case "the question was between the assignee of the land under the mortgage and the mortgagee after he had purchased the land at execution sale," and "there had been no severance of the nursery stock, actual or constructive."

It may be conceded that appellants have no right to follow and reclaim nursery stock which has been sold and delivered to customers. Indeed, we apprehend it was the right of Owen to sell, at the proper season, in the ordinary course of trade, such of the stock as was suitable for transplanting. But that presents an entirely different question from a sale of the entire

stock, without actual severance, and without regard to its being in proper condition for transplanting.

There can be no doubt that if the chattel mortgage had not been made Owen could not claim the rights now claimed by plaintiff. If he had no right as against the mortgagee, he could confer no right upon another.

It is urged that the chattel mortgage was recorded prior to the sale to appellants, and that they had constructive notice thereof.

Between Owen and appellants the nursery stock was a fixture held by the mortgage. It was, as between mortgagor and mortgagee, just as much a part of the realty as a house or barn upon the premises, and appellants can no more be regarded as purchasers with notice than they could be charged with notice of a recorded chattel mortgage upon the house or barn, executed subsequent to their mortgage.

That the rights between mortgagor and mortgagee as to fixtures are the same as between heir and executor and grantor and grantee is well settled. *Price v. Brayton, supra;* 2 Kent's Com., 345, 346; *Snedeker v. Warring,* 12 N. Y., 170; Hilliard on Mortgages, 294. A very different rule obtains as between landlord and tenant.

In our opinion the demurrer to the petition should have been overruled.

REVERSED.