Stillman v. Flenniken.

our opinion the court did not err in striking out the evidence and directing a verdict for the defendant.

AFFIRMED.

STILLMAN v. FLENNIKEN.

1. **Fixtures:** WHAT ARE: RIGHTS OF PURCHASER AT JUDICIAL SALE. A smutter loaned to the owners of a grist mill, and placed therein in the usual manner of fastening smutters, and to all appearances an essential and necessary part of the mill, as to a purchaser at a judicial sale, without notice of the arrangement between the parties, must be regarded as constituting a part of the realty.

*Appeal from Fayette Circuit Court*

TUESDAY, JUNE 6.

THIS is an action of replevin for a smutter of the alleged value of seventy-five dollars. The cause was tried to the court and judgment was rendered for the defendant. The plaintiff appeals. The facts are stated in the opinion.

*D. W. Clements* and *W. E. Fuller*, for appellant.

*Ainsworth & Hobson*, for appellee.

DAY, J.—The court found the facts of the case to be as follows: —

"1st. That in the year 1877 Anderson and Stillman were the owners of the smutter in controversy in this case.

"2d. That at the time Patterson and Dykens were the owners of, or interested in, the East Auburn Mills.

"3d. That Anderson and Stillman loaned the smutter in question to Patterson and Dykens, the said Patterson and Dykens to pay for the use thereof, what would be equal to ten per cent per annum, on the cost of said smutter.

"4th. That said smutter was to be returned, but no time agreed upon for such return.

"5th. That said smutter was placed in the East Auburn Mill, by Patterson and Dykens, in the manner that such smutters are usually placed in mills, it being placed upon a platform about two and one half feet square, and something more than three feet in height, the platform not being nailed or cleated to the floor of the mill, but the smutter being held in position by braces from the joists of the mill above, and extending to the smutter, holding it firmly in place for use.

"6th. The smutter in question, when placed in the mill, was designed for, and used only for buckwheat and rye.

"7th. That there was another smutter in the mill, which had, previous to getting the one in question, been used for all purposes for which a smutter was used in the mill.

"8th. That about the time of obtaining the smutter in question, the arrangement of the mill was changed, and the first smutter so placed in the mill, as not to be available for use in grinding buckwheat and rye, and the smutter in question procured for use in grinding that class of grain.

"9th. That said smutter was placed in the mill in December, 1877.

"10th. That the power of said mill was water, and that for the purpose of operating the smutter in question, a counter-shaft was placed in said mill, running from the main or upright shaft over the smutter and connected therewith by belts, by which the smutter was operated.

"11th. That to remove the smutter it was not necessary to destroy or injure the mill, that is, the building, farther than to remove in part some spouting, or leaders, in which the grain or flour of the mill was conducted.

"12th. That on the 28th day of January, 1879, the sheriff of Fayette county, Iowa, by virtue of a special execution to him directed, sold to Flenniken Brothers the land on which the mill in question is situated, including the mill, machinery and fixtures therein.

"13th. That on the 30th day of January, 1880, the sheriff of said county of Fayette made his deed of said premises, mill, machinery and fixtures, to Flenniken Brothers who took possession thereof by virtue of said deed.

"14th. That R. B. Flenniken is the defendant herein, and was a member of Flenniken Brothers, and that he is now the sole owner of the interest of said Flenniken Brothers.

"15th. That at the time of the sale, January 28th, 1879, the said Flenniken Brothers had no notice that the smutter in question was owned by plaintiff, or Anderson and Stillman.

"16th. The plaintiff is now owner of whatever interest Anderson and Stillman has owned, or would have in said smutter. By the foregoing, I mean that the interest of Anderson in said smutter is conveyed to the plaintiff.

"17th. That when Patterson and Dykens placed the smutter in question in the mill, it was with the intention that it should be removed and returned to Anderson and Stillman.

"18th. I find the value of the smutter to be $75.

"19th. That when the smutter was loaned, Patterson and Stillman knew that it was to be placed in the mill as a part of the machinery thereof."

As conclusions of law the court found:

"1st. That as between other parties and purchasers, at a judicial sale, without notice, the smutter was a part of the realty and passed as such.

"2d. That R. B. Flenniken is the full and unqualified owner of the smutter in question, and entitled to the possession thereof." The amount in controversy not exceeding one hundred dollars, the trial judge duly certified the questions of law upon which it is desirable to have the opinion of this court, all of which may be resolved into the single question, whether under the facts as found by the court, the smutter passed to Flenniken Brothers by virtue of their purchase at the sheriff's sale.

That as between Anderson & Stillman and Patterson &

Dykens, the smutter in question did not become a part of the
realty, but was subject to removal, must be admitted. The question involved in this case is as
to what character is to be impressed upon the
smutter against a purchaser at sheriff's sale, without any notice of the arrangement existing between Anderson & Stillman and Patterson & Dykens. In *Quinby v. Manhattan Cloth & Paper Co.*, 9 C. E. Green, 260 (264), it is said:
"The true criterion as to fixtures to determine whether they
are to be regarded as part of the realty or not, is not whether
they may be detached and removed from the premises without injury to the freehold, although that, as is well understood, is oftentimes an important element in deciding the
question. It is well established that whether property, which
is ordinarily treated as personal, becomes annexed to and
goes with the realty as fixtures, or otherwise must depend
upon the particular circumstances of the case." It appears
from the facts as found by the court that the smutter was
placed in the mill in the usual manner, and that without it
the mill, without change in its arrangement, could not grind
buckwheat and rye. It was then, to all appearances, an essential and necessary part of the mill.

<div style="margin-left:2em">1. FIXTURES: what are: rights of purchaser at judicial sale.</div>

In *Gray v. Holdship*, 17 S. & R., 413, the court say:
"From the adjudged cases on this subject, I think we are
warranted in saying that everything put into and forming
part of a building, or machinery for manufacturing purposes,
and essential to the manufactory, is part of the freehold; the
wheels of a mill, the stones and even the bolting cloth, are
parts of the mill and of the freehold, and cannot be levied
upon as personal property." In *Farrar v. Stackpole*, 6
Greenleaf, 154, it was held that things personal in their nature, but fitted and prepared to be used with real estate, and
essential to its beneficial enjoyment, being on the land at the
time of its conveyance by deed, pass with the realty, and that,
by the conveyance of a saw-mill with the appurtenances, the
mill chain, dogs and bars, being in their appropriate places

at the time of the conveyance, passed to the grantee. In *Farris v. Walker*, 1 Bailey (S. C.), 540, it was held that a cotton gin attached to the gears in the gin house, on a cotton plantation, passed by a conveyance of the land. See, also, *Union Bank v. Emerson*, 15 Mass., 152; *Fryat & Campbell v. The Sullivan Co.*, 5 Hill, 116; *Bringholff v. Munzenmaier*, 20 Iowa, 513; *Ottumwa Woolen Mill Co. v. Hawley*, 44 Iowa, 57; *Miller v. Plumb*, 6 Cowen, 665; *Wadleigh v. Janvrin*, 41 N. H., 503; *Powell v. Monson & Brimford Man'f'g Co.*, 3 Mason, 459; *Corliss v. McLagin*, 29 Me., 115; *Trull v. Fuller*, 28 Me., 545.

The rule is the same whether the sale is by the owner or by a public officer under the law. *Price v. Brayton*, 19 Iowa, 309; *Farrar v. Chariffetete*, 5 Denio, 527.

Without entering upon the hopeless task of citing and reconciling all the decisions upon this very vexed question of fixtures, we are clearly of opinion that under the facts found by the court in this case, the smutter must, as to a purchaser without notice, be regarded as constituting a part of the realty.

AFFIRMED.