W. J. SAVAGE & Co. *v.* P. B. MAYFIELD.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. MORTGAGE. MACHINERY. LIEN. REAL ESTATE. PER-
SONAL PROPERTY.

Owner of Machinery plant, consisting of leasehold in real estate,
buildings, machinery and miscellaneous manufacturing equip-
ment, mortgages same to secure purchase money; trust deed
providing that upon the acquisition and installation of other
machinery as additions or substitutions for the effective opera-
tion of the plant, lien of the trust deed attaches. Subsequently
owner purchases machinery for installation and use in the plant,
the seller retaining title until paid for. Machinery as installed
constitutes a working unit of the plant, and its removal would
require the installation of a new machine or change in the pro-
cess of manufacture. Machine was placed upon a wooden base;
in turn placed upon a concrete base, bolted down and embedded
in concrete, and attached through wooden beams. The determina-
tive question: Was the attempted retention of title in the con-
ditional sale of machinery effective as against mortgage rights
passing to purchaser under trust deed? Held: (Post, p. 676.)

2. MORTGAGE. MACHINERY. LIEN. REAL ESTATE. PER-
SONAL PROPERTY.

The element of fixedness of location and use tends to bring this
machinery within the scope of the after-acquired clause of the
mortgage. The rights of the parties to the fixtures and buildings
depend not so much on the manner in which they are attached
to the freehold, but upon the character of the parties, the in-
tention in directing the improvements and the uses to which they
are to be put. (Post, p. 678.)

Citing: Bank v. Wolf, 114 Tenn. (6 Cates), 262; Cannon v. Harl, 1
Tenn. Ch., 22; Johnson v. Patterson, 81 Tenn. (13 Lea), 626.

3. MORTGAGE. MACHINERY. LIEN. REAL ESTATE. PER-
   SONAL PROPERTY.

A condition in the sale of machinery that the seller should have
   the right to withdraw the machine in case the purchase money
   notes should not be paid is inoperative against an innocent pur-
   chaser of the realty, the principle being that one of two in-
   nocent parties whose conduct empowers a third party to mislead
   another, shall bear the loss, and more strongly upon the policy
   of our law with respect to real estate titles requiring record
   notice of all encumbrances and opposing all secret liens. (Post,
   p. 680.)

Citing with approval: Southbridge Savings Bank v. Exeter Works,
   127 Mass., 542; Hunt v. Bay State Iron Co., 97 Mass., 279; Thomp-
   son v. Binton, 121 Mass., 139; Prince v. Case, 10 Conn., 375, 27
   Am. Dec., 675; Landon v. Platt, 34 Conn. 517; Powers v. Dennison,
   30 Vt., 752; Davenport v. Shants, 43 Vt. 546; Tibbetts v. Horne,
   65 N. H., 242, 23 Atl., 145, 15 L. R. A., 56, 23 Am. St. Rep.,
   31; Bringholff v. Munzenmaier, 20 Iowa, 513, 518, 519; Stillman
   v. Flenniken, 58 Iowa, 450, 454, 10 N. W., 842, 43 Am. Rep., 120;
   Rowand v. Anderson, 33 Kan., 264, 6 Pac., 255, 52 Am. Rep.,
   529; Climer v. Wallace, 28 Mo., 556, 75 Am. Dec., 135.

Citing and differentiating: Hart v. Appalachian Coal Co., 139 Tenn.
   (12 Thomp.), 204.

4. MORTGAGE. MACHINERY. LIEN. REAL ESTATE. PER-
   SONAL PROPERTY. INNOCENT PURCHASER.

The superior rights of a purchaser of property under a trust deed,
   under the circumstances stated above, are not affected by the
   fact that the purchaser was the mortgage holder. (Post, p. 682.)

See 18 Am. & E. Cases, p. 940, note, citing cases.

5. MORTGAGE. MACHINERY. LIEN. REAL ESTATE. PER-
   SONAL PROPERTY.

Notwithstanding the conditional sale agreement does not expressly
   provide for its installation as a permanent fixture, it will be so
   treated where it appears that the machine received and was in-
   tended to receive a fixed and permanent location, consistent with
   the sales agreement. (Post, p. 683.)

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
HON. ROBERT M. JONES, Chancellor.

GREEN, WEBB & BASS, for complainant, appellant.

MAYFIELD & MAYFIELD, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

*(1)* This is an action of replevin to recover posses-
sion of an air compressor sold by complainants to Pio-
neer Brick Company under a retention of title contract.
Defendant Mayfield, being the owner of a brick manu-
facturing plant, located at Oliver Spring, Tennessee, sold
it in October, 1924, to Pioneer Brick Company, a Ten-
nessee corporation, for a consideration of $20,000, of
which $2000 only was paid in cash, the deferred balance
being secured by a trust deed on the plant, consisting of
a leasehold interest in real estate, buildings, machinery
and miscellaneous manufacturing equipment. The trust
deed contained an  after-acquired mortgage clause, pro-
viding that upon the acquisition and installation of other
machinery as additions or  substitutions, for the effective
operation of the plant as a whole, the lien of the trust
deed should attach thereto. Pioneer Brick Company ex-
pressly obligated  itself to make all necessary payments
to protect the property from adverse liens. It appears
to have been in the contemplation of the parties that all
new equipment should become an integral part of the
plant and pass under the lien of the mortgage and thus
inure to the benefit of Mayfield by strengthening his se-
curity.

Being in possession under these conditions, in April, 1925, Pioneer Brick Company ordered of W. J. Savage & Company, of Knoxville, the complainants, an air compressor, to be manufactured and delivered for installation and use in the plant. This machine was described in the order, which provided for retention of title in the seller until all deferred payments therefor were made, as "One 8 x 6 Gardner Duplex, Class H. L. compressor with unloader and sub-base." It appears to be an essential part of the equipment, and was duly received and installed in a manner thus described in the stipulation of facts upon which this cause is before us:

"It is also stipulated and agreed that the said compressor was installed  by being placed upon a wooden base in the machine room, which in turn was placed upon a concrete base, and concrete placed over the wooden base, but  under the sub-base of said compressor, and that the sub-base of said compressor was bolted down with four bolts imbedded in the concrete and attached upward through the wooden beams and through the holes in the sub-base of said machine, with nuts or taps screwed on said bolts, and at present the bolts through said sub-base are bradded or battered so that the nuts cannot be removed without cutting off the tops of the bolts, but that the said sub-base is attached to the compressor by four bolts with nuts or taps screwed down, which said nuts can be easily removed with a wrench as they are not bradded or battered down. It is also agreed that there is an intake pipe 2-1/2" in diameter, and a discharge pipe 2" in diameter, and a water line 1/2" in diameter, which are attached to the said compressor, and that all three of said lines are attached to pipe lines by means of unions, so that the compressor might be re-

moved from the said three attachments without disturbing the said pipe lines. The compressor and attachments so installed is now a working unit of the manufacturing plant in daily use, and its removal would require the installation of a new compressor, or a change in the present process of manufacturer of brick, although the said plant had manufactured brick for many years previous to the installation of said compressor."

The Brick Company defaulted and a sale was had of the plant as a whole, and defendant Mayfield became the purchaser and was conveyed the property by the Trustee. Mayfield meanwhile was without notice of the acquisition of the compressor, or of the credit and conditional sale feature of the purchase. The trust deed had been duly registered prior to the sale of the compressor.

Two defenses were interposed to the replevin, (1) that the description of the property sold was insufficient under our conditional sales statute and judicial constructions thereof, and (2) that the attempted retention of title was ineffective as against mortgage rights passing to defendant Mayfield under his purchase at the Trustee's sale, the compressor being installed as a continuous and essential working unit of said manufacturing plant, pursuant to the contract obligations of the Brick Company, of which Savage & Company had constructive notice by the registration of the trust deed. The Chancellor sustained these defenses and complainant has appealed. In view of the conclusion reached and hereinafter stated with respect to the second ground of defense, it becomes unnecessary to consider this question of the sufficiency of the description under our conditional sales statute.

(2) This second ground of defense, sustained by the Chancellor, presents the question of the effect of the

installation of this *quasi*-fixture in this mortgaged plant. The element of fixedness of location and use apparent here, tends to bring this machinery within the scope of the after-acquired clause of the recorded mortgage and the principle applied in *Bank* v. *Wolf,* 114 Tenn., 270. In that case certain propositions here pertinent were adjudged. Reviewing the authorities with his accustomed exhaustiveness, Mr. Justice NEIL approves and adopts this statement of COOPER, J., from *Cannon* v. *Harl,* 1 Tenn. Ch., 22: "The tendency of modern decisions is to make the rights of the parties to fixtures and buildings depend, not on the manner in which they are attached to the freehold, but upon the character of the parties, the intention in erecting the improvements, and the uses to which they are put." Whether attached by screws or by nails, once material, is no longer so. And a distinction is taken, as bearing on the question of intention, between erections and installations made by a tenant, whose possession is more or less temporary, and oftentimes for a purpose which contemplates the use thereof on the property in pursuance of the purposes of the possession only, and those made by an owner under circumstances which imply permanency. Summing up his discussion, Mr. Justice NEIL quotes approvingly from *Johnson* v. *Patterson,* 13 Lea, 626, in which loose machinery installed in a cotton factory was involved, the following:

"Modern authorities all agree that the most controlling test of the question whether property connected with real estate is to be deemed realty or a mere chattel, removable at the pleasure of the owner, is the intention and purpose of the erection. . . . But the intent and the nature of the property, taken as a whole, as the par-

ties purchased it and treated it, concurred in making it a part of the freehold, and stamped it as realty, and it must so be held.''

Applying these principles in that case Mr. Justice NEIL said: ''When the facts contained in the statement are viewed in the light of the foregoing decisions, we think it cannot be doubted that the purpose of the ice company in placing the machinery in the building was to permanently enhance the value of the property and to make it a part of the realty. It is equally clear that this purpose was concurred in by the seller of the machinery, subject only to the condition that such seller should have a right to withdraw it in case the purchase money notes should not be paid.''

(3) Now the facts of the instant case are essentially the same. There can be no doubt that it was the purpose of the Brick Company in procuring and placing this machine on the premises it had purchased to enhance permanently the value of the plant as a whole, and add it to the real property as a fixture thereon. This was within the contemplation of the parties when the sale was made by Mayfield to the Brick Company, and nothing appears to suggest that this essential machinery was intended by the Brick Company ever after to be removed. And we think it also clear, as in the Wolf case, ''that this purpose was concurred in by the seller of the machinery, subject only to the condition that such seller should have the right to withdraw it in case the purchase money notes should not be paid.''

We come then, as in that case, to the determinative question whether ''this secret condition, known only to the seller and buyer, should be held operative against an innocent purchaser of the realty.'' The decision in the

negative in the Wolf case was rested, first, upon the principle that one of two innocent parties whose conduct empowers a third party to mislead another, shall bear the loss; but more strongly on the policy of our law with respect to real estate titles, requiring record notice of all encumbrances and opposing all secret liens. We approve the reasoning and conclusions of law announced in that opinion, which embraces the following condensed statement of the rule found in *Southbridge Savings Bank v. Exeter Works,* 127 Mass., 542.

"Where, as in this case, personal property is sold for the purpose of being annexed to the realty, and it is so annexed, an agreement between the seller and the buyer that it shall not become a part of the realty, but shall remain the personal property of the seller, will not bind or affect a vendee or mortgagee without notice. Notwithstanding such agreement, the property will pass to such vendee or mortgagee as a party of the realty." To the same effect, see *Hunt* v. *Bay State Iron Co.,* 97 Mass., 279; *Thompson* v. *Vinton,* 121 Mass., 139; *Prince* v. *Case,* 10 Conn., 375, 27 Am. Dec., 675; *Landon* v. *Platt,* 34 Conn., 517; *Powers* v. *Dennison,* 30 Vt., 752; *Davenport* v. *Shants,* 43 Vt., 546; *Tibbetts* v. *Horne,* 65 N. H., 242, 23 Atl., 145, 15 L. R. A., 56, 23 Am. St. Rep., 31; *Bringholff* v. *Munzenmaier,* 20 Iowa, 513, 518, 519; *Stillman* v. *Flenniken,* 58 Iowa, 450, 454, 10 N. W., 842, 43 Am. Rep., 120; *Rowand* v. *Anderson,* 33 Kan., 264, 6 Pac., 255, 52 Am. Rep., 529; *Climer* v. *Wallace,* 28 Mo., 556, 75 Am. Dec., 135.

For the complainants it is said that in the later case of *Hart* v. *Appalachian Coal Co.,* 139 Tenn., 204, a distinction applicable here was recognized between rights under a mortgage prior in time to the acquisition of the conditional sale machinery, and the rights of one making ad-

vances under a mortgage, or on account of a purchase, executed subsequent thereto, both mortgagees being equally innocent of knowledge of the conditional sale. While this is true, it will be observed that in the Appalachian Coal Company case the contest was between a *landlord* and a *tenant*—a distinction already recognized in this opinion as important. It bears directly on the vital matter of intention. But, as in the Wolf case, it becomes unnecessary to pass on this question, as to which the authorities are in conflict where a conditional sales contract in a form binding between the immediate parties is involved, for the reason that defendant Mayfield appears to stand on this record in the attitude of a subsequent purchaser. Upon the foreclosure of the mortgage he became the purchaser of the property, at a time when the machine had been placed on the property and formed an integral and essential part, apparently permanent, of the plant. And, too, without notice that the real property, bid for and paid for by him, was subject to be depleted by the loss of this machinery. He thus became an innocent purchaser, and this suit is brought against him as a holder in this right.

(4) Nor do we think that the fact that Mayfield was the mortgage holder before becoming the purchaser affects his rights adversely. Indeed, there is good authority for the view that, conceding the right of a vendor under a conditional sale contract of machinery, placed upon property subject at the time to a mortgage, to remove it upon failure of the mortgagor-purchaser to meet the terms of the sale—unless his right of removal is exercised before the mortgagee takes possession under his mortgage, it is lost, and can neither be enforced against

the mortgagee in possession, nor a purchaser at the sale. See 18 A. & E. Ann. Cases, p. 940, note, citing cases.

The conclusion seems inevitable that he thus comes within the rule approved in the Wolf case, that an agreement for retention of title in personal property sold for the purpose of being annexed to realty, and so annexed, "will not bind or affect a *vendee,* or mortgagee without notice."

*(5)* It is true that the written order for this machinery, relied on to establish the conditional sale agreement, does not expressly provide for its installation as a permanent fixture, but it appears that this machine received, and was intended to receive, a fixed and permanent location. This fact is material, established as it is by all the circumstances showing the purpose of its purchase, the use to which it was put, and the character of the installation itself, all consistent with the terms of the written order.

It results that, on the grounds stated, the decree of the Chancellor must be affirmed.