Nash, J.
This is an action of contract in which the plaintiff “as he is the Tax Collector for the Town of Westport, Massachusetts” seeks to recover from the defendant the sum of $102.52 for taxes for the year 1938, together with interest and costs thereon.
The answer is a general denial and a further answer that the plaintiff’s claim represents a real estate tax assessed upon a house and outbuildings which were the personal property of the defendant, and a real estate tax assessed *267 upon a lot of land owned by the Town of Westport and leased to the defendant, and that the defendant is not liable for that portion of the tax assessed against the said house and outbuildings for the reason that a house and outbuildings owned separately as personal property cannot be taxed as real estate. The defendant further answered admitting his liability under the provisions of G-eneral Laws, Chapter 59, Section 3A for a tax amounting to $28.70 assessed against him as a lessee upon the said houselot and paid the said sum of $28.70 to the Clerk of the Court.
At the trial the following facts were agreed upon:
“On January 1,1938, the defendant occupied as lessee of the Town of Westport a portion of a Town Landing, upon which stood a cottage belonging to the defendant and resting on sills or posts. It was agreed that, as between the Town and the defendant, the building was personal property; that the defendant had the right to remove the building from the land at any time and that the Town could require the defendant to remove the building from the land at any time. It was further agreed that the Assessors of the Town assessed both the land and the building to the defendant as real estate and duly committed the tax in the sum of $102.52 to the plaintiff for collection. At the trial the plaintiff produced the Assesors’ Records consisting of the valuation list of real estate and also the valuation list of personal property. In the valuation list of real estate, there appeared the assessment to the defendant of one houselot #13 containing 3672 square feet valued at $875.00 —one house, O. B. (other buildings) valued at $2250.00— total value $3125.00, real estate tax $102.52. There was no assessment to the defendant in the valuation list of personal property.”
*268 Upon these facts and all other evidence in the case, the trial judge found “that the assessment to the defendant of the land and building in question was as real estate and constituted a single assessment” and found for the plaintiff in the sum of $120.95.
At the request of the plaintiff the trial judge made the following ruling:
“Where a Town leases a part of a town landing and the lessee erects a building thereon, the assessors of such town shall assess the land and building in the name of the lessee and said lessee shall be liable for the tax thereon even though the building be destroyed during the year of assessment.”
The defendant filed the following requests for rulings all of which were denied:
‘ ‘ 1. Upon all the evidence, the plaintiff is not entitled to recover.
“2. Upon all the evidence, the plaintiff is entitled to recover only that portion of the sum claimed in the plaintiff’s declaration which relates to taxes assessed upon land.
“3. A building which is personal property, owned sepaately from the land upon which it is located, cannot be taxed as real estate.”
The case was submitted on briefs.
By General Laws (Ter. Ed.) Chapter 59, Section 3, it is provided that “Beal Estate for the purpose of taxation shall include all land within the commonwealth and all buildings and other things erected thereon or affixed thereto ... ”
This statute as it states, for the purpose of taxation, has been construed to include nursery stock planted on land by *269 a tenant for the purposes of sale, removable at the pleasure of the lessee, — Paine v. Assessors of Weston, 297 Mass. 173; and likewise in the case of a lunch cart standing “on its own wheels on abutments which are four cement poles . . . (which) go two feet into the ground,” — Franklin v. Metcalf, 307 Mass. 386; and to include buildings resting on sills where the sills lay upon timbers placed on the top of the ground with nothing driven into the ground and no excavation made in the earth, Milligan v. Drury, 130 Mass. 429; and this conclusion is not altered by the fact that there may be an agreement of the lessor and lessee that, as between themselves, the property shall be regarded as personal property. Such a collateral agreement existed in each of the above cases cited. Our tax laws do not contemplate the taxing of a building apart from the land upon which it stands, under the definition of this statute — McGee v. Salem, 149 Mass. 238 and Newton Bldg. Co. v. Commissioner of Corporation and Taxation, 285 Mass. 471.
It was therefore necessary in the instant case that the Board of Assessors should treat these buildings as real estate for the purpose of taxation.
General Laws (Ter. Ed.) Chapter 59, Section 3A, provides that:
“Beal estate owned by or held in trust for the benefit of a city or town, if used or occupied for other than public purposes, shall be taxed to the lessee or lessees thereof, or their assigns, or to the occupant or person in possession thereof, in the same manner and to the same extent as if the said lessee or lessees or their assigns or the occupant or person in possession were the owners thereof in fee, free of any trust.”
As the defendant admittedly was the owner of these buildings and leased from the Town the real estate upon *270 which they stood in accordance with the provisions of the aforesaid statute the Board of Assessors had to assess the property to the lessee or the person in possession. This they did.
The trial judge was right in denying the requests of the defendant and allowing the ruling for the plaintiff — in fact he could not come to any other conclusion on the agreed statement of facts and his finding as set forth.
There being no error, the report is hereby dismissed.