**HALL CONTRACTING CORPORATION,**
Appellee,

v.

**George M. TIDWELL, Commissioner of
Revenue, State of Tennessee,**
Appellant.

Supreme Court of Tennessee.

April 1, 1974.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for appellant.

Charles K. Wray, Bass, Berry & Sims, Nashville, for appellee.

## OPINION

DYER, Chief Justice.

This suit was filed by appellee, Hall Contracting Corporation, to recover use taxes paid under protest. The chancellor found for appellee, resulting in this appeal by the appellant, George M. Tidwell, Commissioner of Revenue, of the State of Tennessee.

The City of Memphis, a Tennessee municipal corporation, owns an electrical generating plant known as the Thomas H. Allen Generating Plant, which plant, prior to the events giving rise to this action, was leased to the Tennessee Valley Authority.

Natural gas is the fuel used by TVA in the operation of this plant and it is furnished to TVA by a department of the City of Memphis, to-wit: Memphis Light, Gas & Water Division.

Prior to August, 1970, TVA desired to increase the amount of electrical energy generated by this plant. To accomplish this TVA had two alternatives—install compressors within the plant to increase the pressure on the natural gas being used, or construct a new pipeline from a point where Memphis Light, Gas and Water received its supply of natural gas to the generating plant, a distance of some 38,500 feet. Upon the determination the pipeline was the most feasible plan, Memphis Light, Gas and Water entered into a contract with appellee to construct this pipeline. By the terms of the contract appellee was to furnish the labor and services, and Memphis Light, Gas and Water was to furnish materials, including the pipe. The tax here at issue is a use tax assessed against the appellee pursuant to T.C.A. § 67–3004, based on the value of the pipe and other materials installed under the contract.

The parties stipulated that this pipeline was installed solely for the purpose of supplying natural gas to this generating plant, but there are currently no legal restrictions inhibiting the Memphis Light, Gas and Water Division from supplying other customers from this line should it choose to do so.

The pertinent statute is the fifth paragraph of T.C.A. § 67–3004, which reads as follows:

Provided, further, that there is hereby exempted from the provisions of this chapter, the sale or use of materials and equipment purchased or used for construction or installation, by a contractor, subcontractor or otherwise, of, in or as a part of any electric generating plant or distribution system owned or operated by the United States or any agency thereof created by act of Congress, or by the

state of Tennessee or any agency or political subdivision thereof, or any authority organized pursuant to the state electric membership corporation law or the electric cooperative law.

The chancellor found this pipeline was constructed as a part of an electric generating plant owned by the City of Memphis, and the pipe sections and other materials that went into the pipeline were exempt from the use tax based upon the above language of T.C.A. § 67–3004.

█ Appellant's position is bottomed on the legal principle enunciated by a number of previous decisions of this Court; that is, that an exemption from a taxing statute is strictly construed against the taxpayer and such exemption must positively appear by statute and not by implication. Phillips & Buttorff Mfg. Co. v. Carson, 188 Tenn. 132, 217 S.W.2d 1 (1949); Karsch v. Atkins, 203 Tenn. 350, 313 S.W.2d 253 (1958); American National Bank v. MacFarland, 209 Tenn. 263, 352 S.W.2d 441 (1962). Under this principle appellant insists this pipeline is not "a part of an electric generating system" as this language is used in this exemption statute.

██ There is no doubt that if this gas pipeline be considered a part of this electric generating plant, the appellee would be exempt by this statute from the payment of use tax. This being the case, the construction to be placed on the word "plant" becomes important. Words in a statute should be taken in a natural and ordinary sense without any forced or subtle construction. Moto-Pep, Inc. v. McGoldrick, 202 Tenn. 119, 303 S.W.2d 326 (1957).

Webster's New International Dictionary gives the following definition of the word "plant:"

a. The line building, machinery, apparatus, fixtures, employed in carrying on a trade or mechanical or other industrial business.

b. A factory, workshop for the manufacture of a particular product.

c. A piece of equipment or set of machine parts functioning together for performance of a particular operation.

Even though the pipeline is constructed to serve only this electric generating plant, it can be used by Memphis Light, Gas and Water to serve other customers. This pipeline is a part of the system operated by Memphis Light, Gas and Water to serve its gas customers and is, in fact, a part of a gas fuel delivery system. Then, giving this word "plant" its ordinary and usual meaning, it would not include any fuel delivery system.

We think the construction we have given the word "plant" here for the purpose of exemption from the taxing statute evidences the legislative intent by the language of the statute itself. This exemption applies to any "electric generating plant" or "distribution system." By use of this language the Legislature considered the plant and the distribution system as being separate which is persuasive that the Legislature did not intend an exemption for a fuel delivery system to the plant.

■ Appellee also alleges it did not "use" the pipe sections and other materials within the meaning of T.C.A. § 67–3004, and, therefore, is not liable for the contractor's use tax.

Use is defined in T.C.A. § 67–3002(h) as "the exercise of any right or power over tangible personal property incident to the ownership thereof." In T.C.A. § 67–3004, the tax is applicable as follows:

Where a contractor or subcontractor hereinafter defined as a dealer, uses tangible personal property . . . whether the title to such property be in the contractor . . . or whether the title holder of such property would be subject to pay the sales or use tax, . . . .

T.C.A. § 67–3017 defines a dealer as follows:

The term "dealer" is further defined to mean any person who uses tangible personal property, whether the title to such property is in him or some other entity, and whether or not such other entity is required to pay a sales or use tax.

. . .

On this issue the Court in United States v. Boyd, 211 Tenn. 139, 363 S.W.2d 193 (1962), said:

The effect of these amendments [those adding the sections of T.C.A. 67–3004 and 67–3017 in controversy here] is strongly challenged by the appellants [taxpayer]. One contention is that the Act, as amended, does not tax use per se . . . .

Such a construction, however, leaves the 1955 amendments without any force. We do not believe that they were intended as superfluous language or that the Legislature intended to do an idle thing by adopting said amendments. They expressly impose a tax upon the privilege of use by a contractor of tangible personal property, regardless of the title,

. . . .

. . . . We think this was intended to be and is a tax upon use per se by such a contractor.

It is complementary to the other provisions of the Act in that it places such a contractor on an equal basis with those who use property which has borne this privilege tax. It prevents private independent contractors from escaping the privilege tax merely because the property used in this private capacity was immune from such a tax when purchased by the Federal Government or its agent. It recognizes that in using the property, the contractor is not different from other private contractors. 211 Tenn. at 162–163, 363 S.W.2d at 203.

We find no merit in this claim. The judgment of the chancellor is reversed and the cause dismissed.

CHATTIN, McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.