**GENERAL CARPET CONTRACTORS, INC.,**
**Plaintiff-in-Error,**

v.

**George M. TIDWELL, Commissioner**
**of Revenue, Defendant-in-Error.**

Supreme Court of Tennessee.

June 3, 1974.

Forest M. Norville, Memphis, for plaintiff in error, Bruce, Southern, Perkins & Johnson, Memphis, of counsel.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for defendant in error.

OPINION

CHATTIN, Justice.

For convenience, the parties will be referred to as they appeared in the trial court: that is, plaintiff-in-error as the plaintiff and defendant-in-error as the defendant.

Plaintiff brought suit in the Circuit Court of Shelby County to recover $8,-079.00 in use taxes, including penalty and interest, paid under protest to defendant. The action was heard by the circuit judge without a jury. The trial judge found the assessment and collection of the taxes were proper and dismissed the suit. Plaintiff has perfected an appeal to this Court.

The salient facts are basically undisputed. Plaintiff sold and installed carpet to four tax exempt institutions, David Lipscomb College, Benton County Board of Education, Department of Mental Health. and the Haywood County Board of Education. Because the above named institutions were able to present certificates of tax exemption, plaintiff did not attempt to collect any sales taxes on the sale of the carpet. In addition to installing carpet for the above named institutions, plaintiff, also, installed carpet for the McNairy County Board of Education, although the McNairy County Board of Education did not purchase the carpet from plaintiff.

Pursuant to the statutory mandate of T.C.A. Section 67–3004 and Rule 7 of the Tennessee Sales and Use Tax Rules and Regulations as promulgated by the Commissioner of Revenue, the State collected from the plaintiff use taxes on the value of the carpet installed at the various tax exempt institutions.

T.C.A. Section 67–3004 provides in part:

"Where a contractor or subcontractor hereinafter defined as a dealer, uses tangible personal property in the performance of his contract, or to fulfill contract or subcontract obligations, whether the title to such property be in the contractor, subcontractor, contractee, subcontractee, or any other person, or whether the title holder of such property would be subject to pay the sales or use tax, except where the title holder is a church and the tangible personal property is for church construction, such contractor or subcontractor shall pay a tax at the rate prescribed by § 67–3003 measured by the purchase price or fair market value of such property, whichever is greater, unless such property has been previously subjected to a sales or use tax, and the tax due hereon has been paid."

Rule 7 of the Tennessee Sales and Use Tax Rules and Regulations provides, in part:

"Contractors engaged in constructing or improving real property whether on a lump sum or a cost-plus basis, or purchasers and consumers of the material used by them, are required to pay the sales or use tax on such materials or equipment purchased or imported into this State for use in connection with their contracts."

Counsel for plaintiff asserts two arguments in support of his insistence the trial judge erred in holding the assessment of the use tax was proper. First, Counsel argues the installation of the carpet did not constitute an improvement of realty; therefore, the use tax does not apply because the contemplation of T.C.A. Section 67–3004 and Rule 7 is that the personal property must be consumed in the construction or improvement of realty. Next, Counsel argues, assuming arguendo, that the installed carpet did improve the realty, the use taxes nevertheless do not apply because the plaintiff did not "use" the carpet within the meaning of the term "use" as defined in T.C.A. Section 67–3002(h).

The method used to install the carpet was described in plaintiff's brief as follows:

". . . . the carpeting in all instances was laid by employing the 'tackless' strip method as disinguished from gluing it to the floor. When the 'tackless' strip method is used, short, narrow strips of wood with little barbs or tacks projecting up at approximately forty degree angles are placed around the perimeter of the room so that the carpet is stretched over it and anchored, thereby simply holding the carpet in place. The carpet comes in rolls of 12 to 15 feet in width and is cut and seamed to fit the room. The basic equipment involved in this method consists only of a hammer, a stretching device, a chisel and an iron to set seams; all of which costs slightly more than $100.00. Carpeting put down in this method may be picked up and re-used, even in a room of different dimensions and shape."

Plaintiff contends the question of whether the laying of the carpet was an improvement of the realty is analogous to a question of whether it became a fixture, that is, if the carpet laid by the "tackless" strip method became a fixture, then the carpet was consumed in the improvement of the realty and the use tax applies. If, on the other hand, the carpet retained its identity as personal property and did not become a fixture, it cannot be argued the carpet was consumed in the improvement of the realty and the use tax does not apply. Counsel cites in his brief several cases wherein courts from other jurisdictions have concluded that carpet attached by the "tackless" strip method is not considered as a fixture. Plough v. Peterson, 140 Cal.App.2d 595, 295 P.2d 549 (Cal.Dist. Ct. of App.1956).

As both parties recognize in their briefs, the question of when carpet is considered a fixture and as a result passes with

the realty, in the event the realty is transferred, is resolved by ascertaining the intent of the parties.

This Court, in Savage & Co. v. Mayfield, 157 Tenn. 676, 11 S.W.2d 855 (1928), quoting in part from Union Bank v. Wolf, 114 Tenn. 225, 86 S.W. 310 (1905) and Cannon v. Hare, 1 Tenn.Ch. 22 (1872), said:

" 'The tendency of modern decisions is to make the rights of the parties to fixtures and buildings depend, not on the manner in which they are attached to the freehold, but upon the character of the parties, the intention in erecting the improvements, and the uses to which they are put.

" 'Modern authorities all agree that the most controlling test of the question whether property connected with real estate is to be deemed realty or a mere chattel, removable at the pleasure of the owner, is the intention and purpose of the erection . . .' "

Applying the principles annunciated in the fixture cases, we must decide whether the parties intended to install the carpet permanently. We are of the opinion, as was the trial judge, that the parties intended to install the carpet permanently. Plaintiff contends the intent of the parties can be ascertained by looking to the method of installation used; and that because the parties installed the carpet by a method which allows for its easy removal they must not have intended to permanently install the carpet. This argument overlooks the fact that carpet normally has a shorter useful life than a building. Therefore, it is logical to use a method of installation which allows for easy removal even when the parties intend for the carpet to remain for the length of its useful life.

George V. Steffens, President of General Carpet Contractors, confirmed this conclusion:

"Q. Isn't it a fact, Mr. Steffens, wasn't that carpet put down with a view of permanent use in the rooms?

"A. Just say that again.

"Q. Isn't it true that installing carpet by the tackless strip method, that when you do this, you do it for the purpose of installing that carpet in that room for the life of the carpet?

"A. Yes."

Plaintiff insists that even if the first issue is resolved against it the use tax nevertheless does not apply because the plaintiff did not "use" the carpet. Use is defined in T.C.A. Section 67–3002(h) as "the exercise of any right or power over tangible personal property incident to the ownership thereof, . . . ."

Relying on the language "incident to the ownership thereof" plaintiff insists that in order to be liable for the use tax the installer must own the personal property installed. In support of this contention the plaintiff cites S. M. Lawrence Co. v. MacFarland, 210 Tenn. 100, 355 S.W.2d 100 (1962), a case involving the assessment of a sales or use tax against the company whose business involved installing self-contained-factory-assembled units of air conditioners. Plaintiff cites with particular emphasis the following language from that case as follows:

"We are of the opinion that the appellant was a contractor which used the materials and equipment, upon the value of which the tax herein imposed was levied in the performance of its contracts with its customers and that the customers did not purchase the equipment and have the same installed."

We disagree. This Court in the recent case of Hall Contracting Coroporation v. Tidwell, Tenn., 507 S.W.2d 697 (1974), rejected the argument that ownership of the property used is a necessary prerequisite before a liability for the use tax pro-

vided by T.C.A. Section 67–3004 can attach. It was further said in that case, as follows:

. "Appellee also alleges it did not 'use' the pipe sections and other materials within the meaning of T.C.A. § 67–3004, and, therefore, is not liable for the contractor's use tax.

"Use is defined in T.C.A. § 67–3002(h) as 'the exercise of any right or power over tangible personal property incident to the ownership thereof.'

"In T.C.A. § 67–3004, the tax is applicable as follows:

" 'Where a contractor or subcontractor hereinafter defined as a dealer, uses tangible personal property _ _ _ whether the title to such property be in the contractor _ _ _ or whether the title holder of such property would be subject to pay sales or use tax, - - -.'

"T.C.A. § 67–3017 defines a dealer as follows: 'the term "dealer" is further defined to mean any person who uses tangible personal property, whether the title to such property is in him or some other entity, and whether or not such other entity is required to pay a sales or use tax _ _ _.'

"On this issue the court in United States v. Boyd, 211 Tenn. 139, 363 S.W. 2d 193 (1962), said: 'The effect of these amendments (those adding the Sections of T.C.A. 67–3004 and 67–3017 in controversy here) is strongly challenged by the appellant (taxpayer). One contention is that the Act, as amended, does not tax use per se _ _ _.

" 'Such a construction, however, leaves the 1955 amendments without any force. We do not believe that they were intended as superfluous language or that the Legislature intended to do an idle thing by adopting said amendments. They expressly impose a tax upon the privilege of use by a contractor of tangible personal property, regardless of the title.' "

Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed. Plaintiff will pay the cost.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.