LUCILLE B. KNUPPER *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District   No. 77-207

Opinion filed July 3, 1978.

Patrick H. Sreenan, of Rockford, for appellants.

William J. Scott, Attorney General, of Chicago, and T. Jordan Gallagher, State's Attorney, of Sycamore (Roy E. Frazier and Paul J. Bargiel, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Section 25 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 506) provides that:

> "The stock of nurseries, when growing shall be assessed as real estate and when severed shall be listed and assessed as merchandise."

The statute does not provide that annually planted crops, such as corn or wheat, are to be assessed as real estate, and it has long been established that such crops are regarded as personal property for most purposes. (*E.g., Reed v. Johnson* (1852), 14 Ill. 257.) The issue in this case is whether the different tax treatment which is thus accorded the stock of nurseries, as opposed to other agricultural crops, is violative of the equal protection provisions of the State and Federal constitutions.

This action was brought by Lucille B. Knupper and Hubert J. Tures, the

owners of two nurseries, in the circuit court of De Kalb County, for administrative review of decisions of the Property Tax Appeal Board, sustaining the assessments on the nursery properties which had been approved by the De Kalb County Board of Review. It was undisputed that the assessed valuation on the plaintiffs' nurseries increased by from 54% to 60% for 1972, over 1971 rates, while that of adjoining properties used in the production of corn, soybeans and other agricultural crops, increased by only 18 to 20% during the same period, and that the sole reason for this disparity was the assessor's reliance upon the requirement in section 25 that unsevered nursery stock be included in the assessment as real estate. In spite of this disparity, however, both the Property Tax Appeal Board and the circuit court of De Kalb County rejected the plaintiffs' attack upon the constitutionality of section 25.

■■■ Does section 25 violate the fundamental concept of equal protection? We think not. The guarantee of equal protection, as it relates to taxation, only prohibits classifications of taxpayers which are "clearly unreasonable or arbitrary." (*People ex rel. Kutner v. Cullerton* (1974), 58 Ill. 2d 266, 273.) The concept of equal protection "\* \* \* imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation." (*Allied Stores of Ohio, Inc. v. Bowers* (1959), 358 U.S. 522, 526, 3 L. Ed. 2d 480, 484, 79 S. Ct. 437, 440.) Thus, the presumptive constitutional validity of a State's scheme of taxation " 'may be overcome only by a clear showing that it is arbitrary and unsupportable by any set of facts.' " (*Berry v. Costello* (1976), 62 Ill. 2d 342, 345, quoting *People ex rel. Kutner v. Cullerton* (1974), 58 Ill. 2d 266, 273.) Here, as between nurseries and other agricultural crops, there are a number of factors which justify the difference in tax treatment. At common law, those products of the earth which were annual, and raised through the cultivation of man, were treated as personal property even while still annexed to the soil, while trees, bushes and plants growing from perennial roots were regarded as realty. (21 Am. Jur. 2d *Crops* §3 (1965).) Since nursery stock remains in the soil for a longer period of time than stocks which are planted and harvested in the same year, nursery stock, though cultivated by man and ultimately subject to removal, has many of the characteristics of growing trees, permanently located on the realty and regarded as a part of it. (See *Paine v. Board of Assessors* (1937), 297 Mass. 173, 7 N.E.2d 584.) Further, although the business of operating a nursery is undoubtedly a branch of the field of agriculture, there is an important distinction between the stock of the nurseryman and the produce of the farmer. Nursery stock has undoubted importance in improving the aesthetic qualities of our modern environment, but its importance is in no way comparable to that of food crops, such as grain or livestock feed, which are the very lifeblood of the nation. (*Hardin v.*

*Vestal* (1942), 204 Ark. 492, 162 S.W.2d 923.) These factors constitute real and significant differences between nursery stock and other growing crops, and more than justify the different tax treatment accorded to each.

■■ In their reply brief, plaintiffs raise the argument that the classification of growing nursery stock as realty is unreasonable since, far from increasing the value of realty, the growing of nursery stock actually has a negative effect upon property values, due to erosion and loss of top soil necessitated by nursery operations. However, since this argument was raised for the first time on appeal in the reply brief, the argument must be deemed waived. Supreme Court Rule 341(e)(7), (g) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7), (g)); *Molnar v. City of Aurora* (1976), 38 Ill. App. 3d 580.

For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed.

Judgment affirmed.

GUILD and WOODWARD, JJ., concur.