### Thomas Milligan *vs.* Otis Drury, trustee.

Suffolk.   January 17. — February 23, 1881.   Colt & Field, JJ., absent.

A building resting on sills upon the ground is taxable as real estate, under the Gen. Sts. c. 11, § 3, although, by agreement between a lessor and lessee of the land, the latter has the right to remove the building at the expiration of the lease.

Tort for the conversion of two wooden houses and a stable, situate upon land belonging to the defendant as trustee under the will of Cyrus Alger. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, in substance as follows:

On October 1, 1869, the defendant, as trustee, made a lease of a lot of vacant land on Alger Street in Boston to the plaintiff, for the term of ten years, which lease was duly recorded. The lease provided that the lessee should pay $112 per year,

" and all taxes and duties levied and to be levied thereon dur- ing the term; " and that, " upon the payment of rent and taxes aforementioned upon the said premises, said lessee shall have the privilege or right to remove any and all buildings erected by himself upon said premises at the expiration of the afore- said lease."

After the making of the lease, and after taking possession thereunder, the plaintiff erected two wooden houses and a stable upon the land. These buildings were erected by the plaintiff ex- pressly for the purpose of removing the same, and the sills rested upon timbers laid on the top of the ground. No excavation of any sort was made in the earth, and nothing was driven into the earth, and the only foundations were the timbers above mentioned.

Until the year 1877, the land and the buildings were taxed separately, the land to the defendant and the buildings to the plaintiff; the land being taxed as real estate, and the buildings as personal property.

In 1877 and 1878, the assessors of Boston taxed the land and buildings together as real estate to the plaintiff, as lessee and occupant. The defendant duly tendered in each year to the collector the amount of the tax on the land, as valued by the assessors, but the collector refused to accept it unless the whole tax was paid. The assessors were duly notified that the build- ings belonged to the plaintiff, and should be taxed to him as per- sonal property; but the assessors refused so to tax them. There- upon the collector proceeded to sell the land and buildings for non-payment of taxes, and the defendant bought the same for the taxes of 1877 and 1878, and received a tax deed from the collector.

At the expiration of the lease, in 1879, the plaintiff, having performed all the conditions of the lease, except the payment of the taxes upon the buildings, demanded of the defendant the buildings that he might remove them. The defendant refused to give up the buildings, or to allow the plaintiff to interfere with them, claiming to hold them under his tax deed. The plaintiff since 1870 has resided in Connecticut, and these build ings were taxed to him there as personal property, and he has paid the tax upon them there up to the present time.

If the collector's deed conveyed no valid title to the defend·
ant, judgment was to be entered for the plaintiff for the value
of the buildings, to be found by an assessor; otherwise, judgment
for the defendant.

*L. M. Child*, for the plaintiff.

*T. E. Barry*, for the defendant.

MORTON, J.   The lease to the plaintiff provides that he shall
pay the rent stipulated therein, " and all taxes and duties levied
and to be levied thereon during the term." It also provides that,
" upon the payment of rent and taxes aforementioned upon the
said premises, said lessee shall have the privilege or right to
remove any and all buildings erected by himself upon said
premises at the expiration of the aforesaid lease." Under these
provisions, the plaintiff has no right to remove the buildings
erected by him, and to treat them as personal property, except
upon payment of all the rent and taxes due under the lease.
In other words, the payment by him of the rent and taxes is
a condition precedent to his right to sever the buildings and
make them his personal property.

It appears by the statement of facts that the assessors of
Boston in the years 1877 and 1878 assessed to the plaintiff, as
the lessee and occupant, the land and buildings as real estate.
The statute provides that " real estate, for the purposes of taxa-
tion, shall include all lands within this State, and all buildings
and other things erected on or affixed to the same." Gen. Sts.
*c.* 11, § 3.   The assessors were not obliged to inquire into the
private contracts between the parties, but had the right to do
as they did, and assess together as real estate the land and the
buildings affixed thereto.   They having done so, it was the duty
of the plaintiff under the lease to pay the taxes.   The defendant
was in no fault, and he had no remedy except to pay the taxes,
or to protect himself by buying in the estate at the tax sale.

Upon the facts agreed, therefore, it appears that the plaintiff,
having neglected and refused to pay the taxes, has failed to per-
form the condition upon which alone he was to have the right
to remove the buildings erected by him upon the leased prem-
ises.   The defendant's refusal to permit the plaintiff to remove
them was, therefore, not a conversion for which he can be held
liable in this action.        *Judgment for the defendant affirmed.*