WILLIAM J. McGEE & others vs. CITY OF SALEM.

Essex.    November 8, 1888. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Tax — Building as Real Estate — Payment under Protest — Recovery back.*

A building affixed to land cannot be taxed as "real estate" apart from the land to which it is attached.

If such a building is owned separately from the land as personal property, it cannot be taxed as real estate to the owner so as to create a lien; and if such owner before paying the tax sells it, the purchaser will not succeed to any personal liability of the owner to pay the tax, but, upon paying it after a protest in writing, may recover it back.

CONTRACT to recover $31.40, the amount of a tax paid under protest. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows.

This action was heard and determined by the court, upon finding the facts following. Prior to May 1, 1884, one Putnam was the owner of greenhouses upon land owned by one Emmerton, on Crombie Street, in Salem. The assessors of the defendant city assessed to Emmerton taxes upon the land for the year 1884, and to Putnam "upon the greenhouses thereon, as real estate," as well as upon other land on Mason Street in Salem, the stock in the greenhouses, valued at $500, being assessed to Putnam as personal estate. The entire tax assessed in 1884 to Putnam on his real and personal estate was the sum of $59.75. Subsequently, Putnam was declared to be an insolvent debtor, and in settling his estate his assignees in insolvency sold the greenhouses to the plaintiffs, on January 1, 1886. The tax for the year 1884 on the greenhouses remaining unpaid in July, 1886, the defendant's collector of taxes proceeded to collect it by a sale of the greenhouses as real estate, after due notice, by public auction.

Before the day appointed for the sale, the plaintiffs duly paid the tax to the collector, after signing a protest in writing, but in paying it did not claim that the tax had been illegally assessed, or that the same should be apportioned, or ask of the collector so to apportion it that they could avoid the sale of the greenhouses by paying so much of the tax assessed to Putnam on the green-

houses as "real estate" as applied to them only, and not to the land on which they were.

The judge ruled that upon these facts the action could not be maintained, and found for the defendant; and the plaintiffs alleged exceptions.

*C. A. Benjamin*, for the plaintiffs.

*F. L. Evans*, for the defendant.

FIELD, J.   We understand from the exceptions that the tax on the land upon which the greenhouses stood, was assessed to Emmerton, and that in this assessment the greenhouses were not included, and that the tax on the greenhouses, considered apart from the land, was assessed to Putnam as a tax on real estate.   This separation of the greenhouses from the land on which they stood implies that the assessors considered that the greenhouses belonged to Putnam as personal property.   These taxes were assessed as of May 1, 1884.   Putnam, after this tax was assessed to him, became an insolvent debtor, and the assignees of his estate, on January 1, 1886, sold the greenhouses to the plaintiffs.   The plaintiffs, therefore, so far as appears, took an absolute title to the greenhouses, unless there was a lien on them in favor of the city of Salem for the payment of the tax assessed to Putnam.

The Pub. Sts. c. 11, provide, in § 3, that "real estate, for the purposes of taxation, shall include all lands within this State, and all buildings and other things erected on or affixed to the same"; in § 13, that "taxes on real estate shall be assessed, in the city or town where the estate lies, to the person who is either the owner or in possession thereof on the first day of May"; in § 20, that "all personal estate, within or without the Commonwealth, shall be assessed to the owner in the city or town where he is an inhabitant on the first day of May, except," etc.; and in § 53 require that the buildings and lots of land be separately described.

In *Milligan* v. *Drury*, 130 Mass. 428, it was in effect decided that buildings affixed to land, under an agreement between the owner of the land and the owner of the buildings that they should remain personal property, might be assessed with the land to the landowner; and it was said that " the assessors were not obliged to inquire into the private contracts between the

parties, but had the right to do as they did, and assess together as real estate the land and the buildings affixed thereto." It follows from this decision, that the land and the buildings affixed thereto could be assessed together as real estate to the person in possession of the land and the buildings on the first day of May, as well as to the owner of the land.

The question did not arise in that case whether a tax can be assessed upon buildings which are personal property as a separate tax from that assessed on the land to which the buildings are affixed, and the question whether, if a tax can be so assessed, the buildings should be taxed as real or personal estate, was not considered. There are difficulties whatever view is taken. If the owner of the buildings is an inhabitant of another town within the Commonwealth than that in which the buildings are situated, and the buildings may be assessed to him in one town as personal property, and also may be assessed in the other town as a part of the land to the landowner or person in possession of the land, then there may be double taxation at the election of the assessors of the different towns.

While the statutes expressly declare that for the purposes of taxation real estate shall include buildings affixed to land, and expressly provide for a separate description and valuation of the buildings and the lots of land, yet the provisions relating to the collection of a tax on real estate by a lien upon it and a sale of it, or of the rents and profits, or by the purchase of the real estate in behalf of the city or town, or by the taking of it for the city or town, as well as the provisions for the redemption by the owner of real estate so taken or sold, are, in many respects, inapplicable to buildings which are personal property, and which must at some time be removed from the land, or taken down if the owner of the land requires it. Pub. Sts. c. 12, §§ 24–58. Buildings affixed to land are in their nature real property, and they are only considered as personal property between the parties to an agreement making them such and those who purchase the land with knowledge of the agreement; they pass as a part of the land to a purchaser for value without notice. *Hunt* v. *Bay State Iron Co.* 97 Mass. 279. *Dolliver* v. *Ela*, 128 Mass. 557.

The questions we are discussing were considered in *Flanders* v. *Cross*, 10 Cush. 514, but it was not necessary there to decide

them, although it was said that " there is no power in the collector to divide the property, to levy on the building severed from the land, as divisible parts of the same piece of real estate." This statement we think is true. As the statutes relating to a sale of real property to satisfy the lien for taxes do not provide for a sale of a building apart from the land on which it stands, and as some of the provisions are inconsistent with such a sale, we think it follows that a building affixed to land cannot be taxed as real estate except in connection with the land to which it is affixed. The tax assessed to Putnam on these greenhouses as real estate, therefore, was unauthorized, and it is unnecessary to consider whether they could have been taxed to him as personal estate.

It is contended that, if these greenhouses were wrongly included in the real estate of Putnam for the purpose of taxation, yet, as other land in Salem was rightly taxed to him, Putnam's remedy would have been by a petition for abatement, and not by action, and that the plaintiffs have only the rights and remedies which Putnam would have had if he had not become an insolvent debtor, and had remained the owner of the greenhouses. *Howe* v. *Boston*, 7 Cush. 273, 274.

It has been decided that for the collection of a tax assessed on real estate a city or town has a remedy against the person and the property generally of the person to whom the tax has been assessed, and is not confined to the sale of the real estate itself. *Sherwin* v. *Boston Five Cents Savings Bank*, 137 Mass. 444. *Richardson* v. *Boston*, 148 Mass. 508.

It may be conceded that, if Putnam had remained the owner of the greenhouses, the collector of taxes could have taken them by distress, under the Pub. Sts. c. 12, §§ 8, 9, or have maintained an action of contract against him, and attached them under § 20 of the same chapter, and that therefore Putnam could not maintain the present action if he had paid the tax, because unless there is an abatement the assessment is good as against him, and he is personally bound to pay the tax. But the plaintiffs by purchasing the greenhouses did not succeed to the personal obligation of Putnam to pay the tax. If the tax was a lien on the greenhouses, the lien might have been enforced even after the plaintiffs became the owners; but if there was no lien, the

houses after they became the property of the plaintiffs could not have been sold to pay a tax assessed to another person. As we have held that the houses considered apart from the land could not lawfully be assessed to Putnam as real estate, the tax would not constitute a lien upon the greenhouses, although it might remain a valid tax against Putnam, because only taxes assessed on real estate constitute a lien.

As the plaintiffs were never personally liable to pay the tax, and as there was no lien upon the greenhouses whereby they could be sold to satisfy it, the remaining question is whether the plaintiffs could pay the amount of the tax under protest to the collector of taxes, who was unlawfully proceeding to collect it by a sale of the greenhouses, and then bring an action to recover what they had paid. The wrong of the collector is in threatening to take one man's goods to pay a tax assessed to another. It may be said that the payment was not compulsory, because the collector held no warrant authorizing him to levy upon or to sell the property of the plaintiffs. If the collector had intermeddled with the greenhouses by taking possession, or by delivering possession to another person, the plaintiffs could have maintained trespass, or trover, or replevin. Independently of statute, it may be that this action could not be maintained. See *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181 ; *Forbes* v. *Appleton,* 5 Cush. 115 ; *Barrett* v. *Cambridge,* 10 Allen, 48.

But by the Pub. Sts. c. 12, § 84, one of the alternative conditions under which a tax paid may be recovered is that it was paid by the plaintiff, after " a protest by him in writing." In the present case, this was done. We think that the Legislature intended by this provision that any person upon whom a collector makes a demand for the payment of a tax included in his warrant, on the ground that he is personally liable to pay it, or whose property the collector proceeds to sell, on the ground that it is liable to be taken to satisfy such a tax, may, instead of resisting the collector, or resorting to other remedies, pay the tax under written protest, and bring suit to recover the amount paid. Such a course is the least troublesome of any judicial proceedings which can well be taken to settle questions which are often of great difficulty. We think that, on the facts recited in the exceptions, the action can be maintained.

*Exceptions sustained.*