JAMES E. COMSTOCK *vs.* THE TOWN OF WATERFORD.

Second Judicial District, Norwich, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The failure of the assessors to notify a taxpayer of additions made by them to his list, as required by chapter 154 of the Public Acts of 1905, is waived by his appeal to the board of relief.

General Statutes, § 2299, prescribes that "any interest in real estate" listed for taxation, shall be set in the list of the record owner in the town in which the real estate is located. *Held* that wooden, summer cottages, so-called, erected by their respective lessees upon land owned by the plaintiff, constituted an "interest in real estate" within the meaning of the statute, and, as such, were taxable to the owner of the land, although as between the parties themselves, and by reason of their agreement, the structures might be regarded as personal property removable by the lessees.

For the purposes of taxation, every municipality is entitled to the benefit of all the real estate lying within its borders.

Argued October 18th—decided December 19th, 1911.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the defendant town to erase from the plaintiff's tax list certain additions thereto made by the board of assessors, taken to and tried by the Superior Court in New London County, *Ralph Wheeler, J.;* facts found and judgment rendered in favor of the plaintiff, and appeal by the defendant. *Error: judgment of board of relief to be affirmed.*

*Christopher L. Avery* and *Charles A. Gallup,* for the appellant (defendant).

*Abel P. Tanner* and *John J. Lawless,* for the appellee (plaintiff).

RORABACK, J.   The appeal presents two questions: first, whether the assessment in question was void for want of notice to the taxpayer; second, whether the property assessed was, for the purpose of taxation, real estate.

It appears that the plaintiff, who was a resident of the town of Waterford, filed with the assessors of the town a tax list showing that he was the owner of the land upon which four cottages then stood, but did not include these cottages in the list.   Subsequent to the filing of this list the board of assessors of Waterford added these cottages to the plaintiff's tax list.   The plaintiff was not notified of this addition, but learned of it, and appealed to the board of relief before whom he was duly heard.   The plaintiff was entitled, under chapter 154 of the Public Acts of 1905, p. 360, to written notice of the addition made to his list.   This defect was waived by his appeal to the board of relief.   *Quinebaug Reservoir Co.* v. *Union,* 73 Conn. 294, 299, 47 Atl. 328.

On October 1st, 1909, the plaintiff was the owner and had record title to a tract of land situated in the town of Waterford.   On that day, and for several years prior thereto, there had been standing on this land four summer cottages, described as the "Arthur Gager Cottage," the "Allen Richards Cottage," the "Grace Bitgood Cottage," and the "Club House."   The land on which each cottage stood was leased by the plaintiff to the owner of the building, by a written lease for a period of years.   These leases all expressed that the land was to be used for summer cottages.   The leases of the "Arthur Gager Cottage" and the "Allen Richards Cottage" were recorded in the land records of the town of Waterford.   The other two leases were not recorded.

The Gager Cottage was built in the year 1903 at a cost of about $700. The Richards Cottage was built in the winter of 1905 and 1906 at a cost of about $600. The Bitgood Cottage was built in the year 1903 at a cost of about $125. The Club House was built in 1905 at a cost of about $700. Each of the houses was built where it now stands, of lumber and other materials brought to the place and there assembled and nailed together; they were supported upon chestnut posts set into the ground, the sills of the buildings being nailed to the tops of the posts. They were not built in sections, and were not of the description called portable houses. No one of the described buildings has ever been moved from the place where it was built. Photographs of these houses exhibited in this court indicated that their outward appearance was that of permanent summer cottages.

Evidence was admitted, and certain facts found by the trial court based on this evidence, as to the mutual understanding and agreement of the parties as to these leases. The purpose of this evidence, and the finding of the court thereon, was to show that it was not the intention of the parties that these cottages should become a part of the plaintiff's real estate. For the purposes of this case this evidence and these facts were immaterial. The private contracts and arrangements between the lessor and his lessees as to these buildings were not binding upon the town of Waterford or its assessors. *Milligan* v. *Drury*, 130 Mass. 428, 430. The question here presented is not whether, under the strict rules of the common law, these cottages should, as between the parties, be termed real estate or personal property. Our present inquiry is whether these buildings, for the purposes of taxation, come within the provisions of § 2299 of the General Statutes, which provides that "any interest in real estate listed for taxation shall be set by the assessors in the list of the party

Comstock *v.* Waterford.

in whose name the title to such interest stands on the land records of the town in which such real estate is situated."

These cottages have been permanently located upon the plaintiff's land in the town of Waterford for several years. While it is true that the lessor's interest in this real estate may be terminated, yet there is nothing to indicate that any one of the parties to these arrangements contemplates such a termination. The buildings are attached to the land in the manner adapted for permanent structures, and as such they have been so treated and used. They are not a part of the freehold for all purposes, only because of a right, which may never be exercised, to sever them. They possess all the physical attributes of real estate. These owners have the right to occupy and use this property the same as though it were real estate. Apparently § 2299 of the General Statutes was intended to apply to a case like the one now under consideration. All of the owners of these cottages are nonresidents of the town of Waterford. The rule is universal that every municipal jurisdiction is entitled to the benefit of all the real estate lying within its borders for the purposes of taxation. It is well known that in most instances persons owning this kind of property are nonresidents, many of them residing beyond the boundary lines of the State. It is a general rule that personal property liable to taxation follows the domicil of the owner. General Statutes, § 2323. If, as the plaintiff now contends, such buildings are to be treated as personal property, it would often happen that there would be no way in which their owners could be compelled to contribute to the municipality where the buildings are located for the promotion of projects which have for their object the benefit of all. The language of the statute under consideration unmistakably indicates that it was intended to treat this

kind of property as real estate, for the purposes of taxation. It is concisely stated in the opening language of § 2299 as follows: "Any interest in real estate listed for taxation." This court, in discussing this statute, stated that "it is not a provision for the listing or taxation of personal property. It means that any . . . taxable interest in real estate shall be set in the list in the name of the owner of record of such interest. . . . Such an interest, unless otherwise provided by statute, is generally not taxable separately from the freehold; although there may be exceptional cases where an interest in real estate, conveyed by an instrument in the form of a lease for a term of years, may for certain purposes be regarded as a fee. . . . The interest in real estate which § 2299 requires to be listed in the name of the record owner, is not a mere chattel interest in land, but a freehold interest properly termed real estate." *Sanford's Appeal,* 75 Conn. 590, 592, 54 Atl. 739.

There is error, and the judgment is set aside and the cause remanded with direction to enter a judgment affirming the action of the board of relief.

In this opinion the other judges concurred.