PORTLAND TERMINAL COMPANY

*vs.*

LEO P. HINDS, JOHN A. LESTER AND CHARLES S. CUSHING

ASSESSORS FOR THE CITY OF PORTLAND.

Cumberland.  Opinion, September 1, 1944.

*Edward W. Wheeler,*

*Frank A Farrington,* for the appellant.

*W. Mayo Payson,* Portland Corporation Counsel for the appellees.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, CHAPMAN, JJ.

CHAPMAN, J. The above case comes to this court upon exceptions by the appellees to the decree of the Superior Court sustaining the appeal of the appellant from the refusal of the appellees, in their capacity as assessors for the City of Portland, to grant an abatement of taxes assessed against it.

The essential facts are as follows. Upon land owned by the appellant, the Portland Terminal Company, a railroad corporation, were forty-one buildings owned by parties other than the appellant and occupied by such owners. These

buildings were established and maintained by the respective owners upon land leased by the Portland Terminal Company to such owners. As to all but one of the buildings, the lease of the land occupied by the building was revocable by the lessor, and the building was removable by the lessee at the termination of the lease. In the excepted case the lease was for a stated term which had not expired at the time of the assessment which is in question, and the building was to remain the property of the lessee during the term of the lease and, at its expiration, to become the property of the lessor. This lease only was recorded in the Cumberland Registry of Deeds.

A part of the buildings were upon land within the located right of way of the Portland Terminal Company as a railroad corporation. Other buildings were upon land outside such railroad location. So much of the land as was located within the right of way was exempt from taxation by reason of R. S. 1930, Chap. 12, Sec. 29. That which was without the right of way was taxable in the same manner as other real estate. R. S., Chap. 13, Sec. 4.

Fourteen of the buildings were in existence in 1927 and, in that year, were assessed to the respective owners all of whom, with one exception, were other than the Portland Terminal Company. Since 1927 all of the fourteen buildings have been assessed to the Portland Terminal Company.

In 1938 the building owned by the Portland Terminal Company was conveyed by that corporation; but ownership of the land on which it was located was retained.

Twenty-seven of the said forty-one buildings were erected subsequently to 1927 by the respective owners. In each case application for building permit was made to the Inspector of Buildings for the City of Portland, which application included the name of the contractor, the name and address of the owner of the building, the location of the land on which the building was to be erected and the nature of its con-

struction. This information was, in each case, communicated by the Inspector of Buildings to the Assessors for the City of Portland.

For the year 1942 these forty-one buildings were assessed to the Portland Terminal Company. Upon the land itself, which was within the right of way, no tax was assessed. On the land outside of the right of way tax was assessed, together with that assessed upon the building. The Portland Terminal Company paid the taxes so assessed and filed with the Assessors application for abatement of so much of the said taxes as were assessed against the buildings, on the ground that it was not the owner or occupant of the buildings.

The Assessors denied the application, whereupon the Portland Terminal Company filed its appeal to the Superior Court. The justice of that court sustained the appeal and to that ruling the Assessors filed exceptions to this court.

Examination of the statutes relative to taxation discloses that R. S., Chap. 13, Sec. 3, provides as follows:

"Real estate, for the purposes of taxation, except as provided in section six, includes all lands in the state, . . . and all buildings erected on or affixed to the same, ... ."

Amendments by Chap. 210, P. L. 1939, and Chap. 317, Sec 4, P. L. 1942, Sp. Sess., add to this statute the following:

"Buildings on leased land or on land not owned by the owner of the buildings, when situated in any city, town or plantation shall be considered real estate for purposes of taxation and shall be taxed in the town, city or plantation where said land is located; but when such buildings are located in the unorganized territory they shall be assessed and taxed as personal property in the place where located on April 1st annually."

In the solution of the problem submitted, we are bound

by certain principles universally recognized in all jurisdictions. First among these principles is that all taxing power in the municipality is derived from legislative enactment, there being no such thing as taxation by implication. 61 *Corpus Juris*, 81.

Our highest court has said:

"The power of taxation is legislative, and cannot be exercised otherwise than under the authority of the legislature."

*Meriwether* v. *Garrett*, 102 U. S., 472, 501, 26 L. Ed. 197

Our own court likewise has said:

"In this State the full power of taxation is vested in the Legislature and is measured not by grant but by limitation."

*Opinion of Justices*, 123 Me., 573, 121 A., 902, 904.

As a corollary to this principle, no tax assessment against other than the owner of the property is valid except by authority of legislative·enactment.

*Morrill* v. *Lovett*, 95 Me., 165, 49 A., 666, 56 L. R. A., 634.

Further:

"It is well settled and familiar law that statutes imposing taxes are to be construed most strongly against the government, and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used."

*Commonwealth* v. *Hutzler*, 124 Va., 138, 97 S. E., 775, 776.

By R. S., Chap. 13, Secs. 9 and 25, property of the kind under consideration is taxable to the owner or the party in possession. Admittedly the appellant was not in possession.

If the buildings were taxable to the appellant, it was by reason of its ownership of the land upon which they were located.

The exact issue presented has not been previously before this court. The question has been passed upon, however, in other jurisdictions and although the tax statutes of the different states are not the same, we believe that the principle upon which the decisions have been based is applicable to the case before us.

Opposite results have been reached in the adjudicated cases, but the courts of those jurisdictions have been, for the most part, in agreement that the conclusion reached depends upon the view taken as to the nature of the interest of the building owner. In those jurisdictions where the interest of the building owner is considered a mere contractual right operative only between the parties thereto, it has been generally held that the building is taxable to the lessor as the owner of the entire property while in those jurisdictions where the interest of the building owner attains to the status of a separable and distinct estate, the building is taxable to the building owner. This reasoning would seem to be a logical application of the rule that property is taxable to its owner.

The appellees have cited in support of their contention a line of cases in Massachusetts, namely, *Milligan* v. *Drury*, 130 Mass., 428; *McGee* v. *Salem*, 149 Mass., 238, 21 N. E., 386; and *Mass. General Hospital* v. *Belmont*, 238 Mass., 396, 131 N. E., 72.

That court held that the building is taxable as a unit with the land to the landowner and, considered only from that conclusion, the cases are authority for the position of the appellees; but the conclusion arrived at is definitely based upon the view of that court, often referred to as the Massachusetts Rule, that any agreement between the landowner and the building owner as to the status of the building

owner's interest as a separate estate, is operative only as between the parties to that agreement. It was pointed out in *Peaks* v. *Hutchinson*, 96 Me., 530, 53 A., 38, 59 L. R. A. 279, that our court has not accepted this view as to the nature of the building owner's interest.

In *Mesta Machine Company Case*, 347 Penn. St., 191, 32 A., 2d 236, also cited by the appellees, the same conclusion was reached, as in the Massachusetts cases, where the United States Government installed machinery in a mill. Although it was agreed between the owner of the mill, which also owned the land on which it was located, and the Federal officials, that the machinery should remain the personal property of the United States, it was held that the machinery was part of the real estate and taxable as a part thereof to the landowner; but, as in the Massachusetts cases, the reasoning was upon the view that, except as between the parties to the agreement, there was no interest in the machinery separable from the real estate. The rule in Pennsylvania as to the general nature of the interest in buildings and fixtures is similar to that in Massachusetts. *Hoskin* v. *Woodward*, 45 Penn. St., 42.

In *Comstock* v. *Waterford*, 85 Conn., 6, 81 A., 1059, 37 L. R. A. N. S., 1166, likewise cited by the appellees, the same conclusion was reached as in the Massachusetts and Pennsylvania cases. However, the Connecticut court, in *Parker* v. *Redfield*, 10 Conn., 490 and *Russell* v. *City of New Haven*, 51 Conn., 259, had held that a building located under like conditions to the present case is taxable to the owners of the building.

It is true that the land in each of these cases was exempt from taxation, but this fact had no part in the result arrived at. The reasoning set forth at length in the *Russell* v. *City of New Haven* case was that the building was "absolutely owned by the lessee" and therefore taxable to him. The court said:

"The party is not taxed as lessee but as owner."

The earlier cases were not referred to in the *Comstock* v. *Waterford* case. We think that this case is of questionable value because the court, after having adopted a rule of such far-reaching importance upon careful and extended reasoning, disregarded the rule without reconsideration thereof or giving reasons why it should be ignored.

In *Andrews et al* v. *The Auditor, etc.*, 28 Grat., (Va.), 115, also cited by the appellees, there is dicta to the effect that the building is taxable to the landowner. That question, however, was not before the court. The decision was that a building owned by a party other than the landowner and exempt from taxation is not taxable to the landowner. Moreover, the court in the opinion said:

"It is a principle firmly settled by numerous decisions, that where a building is erected by one man, on the land of another, by his permission, upon an agreement or understanding that it may be removed at the pleasure of the builder, it does not become a part of the real estate, but continues to be a personal chattel and the property of the person who erected it."

As opposed to the conclusion reached in the cases cited by the appellees, there are several cases in which, on the ground that the interest of the lessee in a building or fixtures erected under agreement with the lessor is a distinct and separable estate, it has been held that such building or fixtures are taxable to the lessee as owner thereof. Such a case is *People, ex rel. Muller* v. *B'd of Assessors*, 93 N. Y., 308. In that case the lessor's land on which the building was located was exempt from taxation, but it is apparent that that fact did not affect the court in arriving at its conclusion. The court reasoned as follows:

"The title and ownership of permanent erections by

one person upon the land of another, in the absence of contract rights regulating the interests of the respective parties, generally follows and accrues to the holder of the title of the land, but it is perfectly competent for parties by contract to so regulate their respective interests that one may be the owner of the building and another of the land. (People, ex rel. Van Nest, v. Commr's., 80 N. Y., 573; Smith v. Benson, 1 Hill, 176.) Whether their respective interests under general principles of law, be termed real estate or personal property is entirely immaterial to the question under discussion. The only inquiry at present is whether a several interest may be owned by different persons in the same premises which may be assessed to its several owners.

"This question has been recently quite frequently decided in this State, and is no longer open to debate. (People v. Van Nest, supra; People, ex rel. D. & F. R. R. Co., v Cassity, 46 N. Y., 46; People, ex rel. N. Y. El. R. R. Co., v. Commissioners of Taxes, 82 id. 460.)"

This principle was approved in *People ex rel. H. R. Day Line* v. *Franck,* 257 N. Y., 69, 177 N. E., 312.

We believe this reasoning to be sound and the decision is of weight with us inasmuch as the view of the New York court relative to the general status of the building owner's interest is, unlike that of Massachusetts, the same as that of Maine. *Smith* v. *Benson,* 1 *Hill,* 176; *Peaks* v. *Hutchinson,* supra.

Coming to the same conclusion as *People, ex rel. Muller* v. *B'd of Assessors,* supra, are: *Jetton* v. *University of the South,* 208 US., 489, 28 S. Ct., 375, 52 L. Ed. 584; *Pipe Line Co.* v. *Berry,* 53 N. J. L., 212, 21 A., 490; *State ex rel.* v. *Mission Free School,* 162 Mo., 332, 62 S. W., 998; *Ada County* v. *Bottolfsen,* 61 Idaho 363, 102 Pac. (2d), 287; *East Tennessee, V. & G. Ry. Co.* v. *Mayor, etc., Morristown,*

35 S. W., 771 (Tenn.) ; *State ex rel. Hansen S. Co.* v. *Bodden*, 166 Wis., 219, 164 N. W., 1009.

We believe that the buildings such as are under consideration constitute a property right distinct from that of the landowner, *Peaks* v. *Hutchinson*, supra. As property, these buildings were taxable irrespective of whether they were real estate or personal property, R. S., Chap. 13, Sec. 2. In this state, for general purposes, such buildings are considered personal property, *Peaks* v. *Hutchinson*, supra; *Simpson* v. *Emery*, 134 Me., 213, 183 A., 842; but it is within legislative authority, for the purpose of taxation, to provide that real estate shall be assessed as personalty or that personalty shall be taxed as realty. *Cooley on Taxation*, 4th ed., Volume 3, Sec. 1065; *Jetton* v. *University of the South*, supra. We believe that R. S., Chap. 13, Sec. 3 made such buildings taxable as real estate wherein it provided that:

"Real estate, for the purposes of taxation, . . . includes all lands in the state, . . . and all buildings erected on or affixed to the same, . . . ."

This did not, however, change the interest of the building owner in any other respect. The building was still a property right and must be taxed to the owner in the absence of legislative enactment otherwise.

As to whether such a building was, for the purpose of taxation, to be considered personal property or real estate, there has apparently been uncertainty. The briefs of counsel so indicate, and likewise the history of the taxation of the property in question as disclosed by the agreed statement submitted. It is also apparent that there are difficulties in taxation of such property as personalty. It would seem entirely consistent with the situation that existed, for the Legislature to enact the amendments of 1939 and 1942 definitely providing that such buildings should

"be considered real estate for the purposes of taxation."

There is nothing in such language to indicate any intention upon the part of the Legislature to affect the nature of the building owner's interest other than to make certain that, for the purposes of taxation, it be considered real estate.

We make no distinction between the buildings located within the railroad right of way of the appellant and those located outside thereof. In either case, the building owner has a property right taxable to him as owner. Nor do we make a distinction in regard to that building located on the land, the lease of which provided that, at the termination of the lease, the building should become the property of the lessor. During the term of the lease, the lessee was the owner of the building and to him it was taxable. *People, ex rel. Muller* v. *B'd of Assessors*, supra; *Russell* v. *City of New Haven*, supra.

Nor do we find, from examination of our other tax statutes, anything to indicate that the Legislature intended that the amendatory enactments should carry meaning beyond the apparent import of the language used. If there are difficulties in enforcing taxation of a building upon leased land as real estate, as suggested by counsel for the appellees, resort must be had for correction by legislative action.

The justice of the Superior Court was correct in his ruling sustaining the appeal.

*Exceptions overruled.*