CHARLES E. MOORE ET AL. v. TOWN OF STAMFORD ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 71673

Memorandum filed August 2, 1946.

*Frank Rich,* of Stamford, for the Plaintiff.

*George Wise,* of Stamford, for the Defendant.

MELLITZ, J.   The plaintiffs, owners of property located in the city of Stamford, seek an injunction to restrain the defendant officials of the town of Stamford from laying taxes upon the property of the plaintiffs to defray town expenses for objects serving only the inhabitants of the town outside of the city limits.   A declaratory jugdment is also sought to the effect that the defendant town officials have no power to levy taxes for such purposes upon property situated within the limits of the city.

The city of Stamford, in the exercise of its jurisdiction within the city limits, under the provisions of its charter, maintains sundry departments, such as police, fire, health, and others, and levies taxes upon the property located within the city limits to defray the expenses of the same.   Similar departments are maintained by the town to serve exclusively in the area of the town lying outside of the limits of the city, for the maintenance of which taxes are levied upon property situated within as well as without the limits of the city.

The plaintiffs contend that the inhabitants of the city derive and can derive no benefits from activities engaged in by the town designed to serve exclusively the area lying outside the city limits and that the town has no power to levy taxes upon property located within the city limits to defray the expenses of the same.

The plaintiffs assert first that in taxing the plaintiffs' property for the purpose alluded to there is a violation of the principle that there cannot be at the same time within the same territory two distinct municipal corporations exercising the same powers, jurisdiction and privileges.

No question is here involved of that principle.   It is well recognized that two distinct municipal corporations cannot

have jurisdiction and control at the same time of the same population and territory and exercise like or similar powers in the same boundaries. 1 McQuillin, Municipal Corporations (2d Ed. Rev.) § 283; 1 Dillon, Municipal Corporations (5th Ed.) § 354. "This rule does not rest upon any theory of constitutional limitation, but upon the practical consideration that intolerable confusion instead of good government, almost inevitably would attain in a territory in which two municipal corporations of like kind and powers attempted to function coincidentally." *Aurora* v. *Aurora District*, 112 Col. 406, 410. But two municipal corporations may and frequently do exist in the same territory at the same time for different purposes as, for example, school, fire or water districts which are commonly formed and function as independent municipal corporations. See *Russell* v. *Middletown City School District*, 101 Conn. 249, 263. In the same manner, the city and town of Stamford function as independent political entities, and although the city comprises part of the same area as the town, they serve different aims and objects. *Stamford* v. *Stamford*, 107 Conn. 596, 598. With relation to such matters as to which the city is vested with exclusive powers within the city limits, under its charter, the town is precluded from exercising its authority except outside the city limits. This limitation of authority is found in the various sections of the General Statutes dealing with the powers vested in towns, in which there are incorporated provisions designed to prevent a duplication of authority where a town has within its limits an incorporated city or borough. See, e. g., General Statutes, § § 390, 423 and 510, as well as the special ast establishing a zoning commission for the town of Stamford. 23 Spec. Laws, 316. What is involved in the town's action of which the plaintiffs complain is not that two municipalities exist in the same area simultaneously exercising the same governmental powers, but the power of the town to make appropriations and levy taxes and its right to exercise that power to the extent of levying taxes upon property within the city limits for objects from which the inhabitants of the city derive no benefits.

The power of the town of Stamford to levy taxes derives from the will of the legislature. The town has no inherent powers, and such powers as it may legally exercise are either expressly granted by the legislature or are such as are necessary to the performance of its duties as a municipal corpora-

tion. *Webster* v. *Harwinton,* 32 Conn. 131, 136. Towns are territorial subdivisions of the state, created at the will of the legislature for the more convenient administration of local, public and governmental affairs; and public duties and obligations may be imposed upon them without reference to the will of the inhabitants. *Turney* v. *Bridgeport,* 55 Conn. 412, 414. They have no powers of taxation other than those specifically given by the statutes; *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 490; and the General Assembly may divide their territory into taxing districts at will, subject only to constitutional limitations. *State ex rel Brush* v. *Sixth Taxing District,* 104 Conn. 192, 198.

The provisions of the General Statutes regulating the powers of towns to make appropriations and to levy taxes determine the scope of the power and authority of the defendants to make appropriations and to levy taxes to pay the expenses of the town of Stamford. Towns are by law required to levy such taxes as are sufficient to pay the estimated expenses of the town for the current year. Sup. 1941, § 167f; Cum. Sup. 1935, § 87c. By the provisions of Cum. Sup. 1935, § 364c, all real property, not exempted, is required to be set in the list of the town where it is situated and is there liable to taxation. "The rule is universal that every municipal jurisdiction is entitled to the benefit of all the real estate lying within its borders for the purpose of taxation." *Comstock* v. *Waterford,* 85 Conn. 6, 9. The plaintiffs do not assert that there is any provision in any public or special act of the legislature specifically limiting the taxing power of the town of Stamford, but they claim that a finding of such a limitation is required from a consideration of the provisions of the city charter and the legislative enactments leading up thereto.

In 1830 an area in the southerly part of the town of Stamford was incorporated as a borough. 1 Priv. Laws 214. From time to time amendments to the charter increased the area of the borough and granted additional powers, and in 1893 the borough became known as the city of Stamford. 11 Spec. Laws 797. Subsequent amendments culminated in the present revised city charter. 21 Spec. Laws 1189.

The special act of 1830 gave the borough certain powers, including the power to lay taxes, and concluded with the following provision: Sec. 9. "Always provided, that any thing in this resolve notwithstanding, the inhabitants of said Stamford,

living within the limits of said borough, shall to all intents and purposes, be and remain a part of said town of Stamford, entitled to all its privileges, and subject to all its burthens, in the same manner, and to the same extent as if this resolve had not been passed."

This provision made clear that the area of the town incorporated as a borough continued to be a part of the town and that the inhabitants of the borough continued to be inhabitants of the town and subject to its burdens as theretofore. The incorporation of the borough within the boundaries of the town did not operate so that the borough and its inhabitants ceased to be a constituent part of the town as respected liability for taxation. This situation has continued to the present time, although the plaintiff's claim that the provisions of § 9, above quoted, were repealed by implication by the subsequent amendments to the borough charter. In 1854 the borough charter of 1830 was amended, extending its limits and giving the borough additional powers. 3 Priv. Laws 255. Section 13 provided as follows: "All sections, and parts of sections of the resolve of this assembly, incorporating the borough of Stamford, passed May, 1830, inconsistent with this resolve, are hereby revoked."

Provisions of similar import are found in the subsequent acts amending the borough and city charter.

There is no inconsistency between provisions in § 9 of the act of 1830 and the provisions found in the amendment of 1854 or succeeding amendments. The act of 1830 constituted the inhabitants of the town of Stamford, residing in the prescribed area, a body politic, with prescribed powers to be exercised within the prescribed area. From the relatively limited area and comparatively few powers found in that act, the far more comprehensive area and the vastly increased powers now possessed by the city of Stamford were developed by the successive enactments of the legislature amending the original act of 1830. The pattern has, however, remained the same, insofar as the relationship between the inhabitants of the borough, and now of the city, and the town of Stamford is concerned. Under the act of 1830, "The Warden, Burgesses and Freemen of the Borough of Stamford" were vested with exclusive powers, to the extent enumerated in the act, within the borough limits, subject to the express proviso contained in § 9 of the act. The city of Stamford is now vested with exclusive powers to the extent enumerated in the present charter, within the

greater area of the present city limits, and in the absence of an express repeal of the provisions of § 9, its inhabitants continue to be subject thereto. Section 9 is consistent with the provisions of the intermediate amending acts and the present city charter, as it was with the other provisions of the act of 1830, when it was originally enacted, and a finding that it has been repealed by implication is not warranted.

Repeals by implication "are not favored, and will not be extended beyond the reason therefor, nor presumed where the old and new statute may well stand together . . . If both the earlier and later statute can be reconciled, they must have concurrent operation . . . The repugnancy between two statutes must be clear and manifest, to warrant a court in holding that the later repeals the former . . . A statute is not repealed by a later affirmative one containing no repealing clause, unless there is irreconcilable conflict, or the later statute is clearly intended as a substitute for the earlier . . . Repeals by implication extend to only so much of the prior statute as is within the reason of repeal. They are never extended further than the inconsistency compels." Walsh v. Bridgeport, 88 Conn. 528, 534.

Moreover, the power exercised by the town to tax all property within the town stems from the provisions of the General Statutes. "Implied repeal of a general law by a subsequent private act is not favored, will not be assumed, and will not be held to take place unless there is such manifest repugnancy between the two that they cannot be reconciled and operate concurrently." Arsenal School District v. Hartford, 120 Conn. 348, 363.

The plaintiffs contend further that a construction which results in the imposition of taxes with no possibility of benefits should be avoided, and cite the decision in Chamberlain v. Bridgeport, supra, 485. Construing the legislative act consolidating the city and town of Bridgeport, it was there held that property lying outside the city limits before the act of consolidation and which derived no benefit from sewers, lights, fire and police protection could not be taxed for such services after the consolidating act became effective and the outlying property was brought within the city limits. There, however, the court was dealing with an express provision contained in the consolidation act limiting the power of the taxing authority.

No such limitation appears in any of the legislative acts dealing with the city or town of Stamford.

The plaintiffs seek to be relieved of the burden of taxes levied for objects from which they derive and can derive no benefits. It is generally held that property may be taxed although it receives no benefit from the taxes. 6 McQuillin, op. cit., § 2549. However, the grievance of which the plaintiffs complain may commend itself as a just one to the legislature, in whose hands alone lies the power to afford the relief sought; but until the legislature places a limitation upon the taxing power now exercised by the town under the General Statutes the town has the power and is under a duty to levy taxes upon all of the property in the town liable to taxation, including that within the city limits, to defray the expenses of the town, without distinction.

The prayer for an injunction is denied, and it is adjudged that the duly authorized officials of the town of Stamford have power to levy taxes upon the property within the territorial limits of the city of Stamford, not exempt, for all purposes for which said town is by law empowered to make appropriations and levy taxes.