STATE OF NEVADA, COUNTY OF WASHOE AND NEVADA TAX COMMISSION, APPELLANTS, v. PIONEER CITIZENS BANK OF NEVADA AND CLEL GEORGETTA, RESPONDENTS.

No. 5674

June 19, 1969 456 P.2d 422

*Harvey Dickerson,* Attorney General, *Peter I. Breen* and *Robert A. Groves,* Deputy Attorneys General; *William J. Raggio,* District Attorney, and *Paul F. Hamilton,* Deputy District Attorney, of Reno, for Appellants.

*Stewart & Horton,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

This appeal is from the granting of a motion for summary judgment resulting in a final judgment of the district court wherein the ownership of a structure erected on leased premises by a state bank is recognized; the county assessor is required to assess the taxes against the structure as the real

property of the bank; and, the bank is authorized to offset such assessment of taxes against an assessment on its shares of capital stock.

The respondent, Pioneer Citizens Bank of Nevada, hereinafter referred to as the "Bank" is the assignee of "Three C L & S Company," which company entered into a lease with Clel Georgetta, the other respondent, for a part of the ground floor of the Triune Building in Reno, Nevada, as well as the unimproved area adjacent to and south of that building. The lease further provided that the Bank would have the right to build, at its sole expense, a "new structure" adjacent to the existing building on the unimproved area. Pursuant to the terms of the lease the Bank did erect the new structure.

The assessor of Washoe County separately assessed the Triune Building; the property beneath the building; and the land adjacent to the Triune Building and the new structure; and directed all the tax statements to the respondent, Georgetta. Thereafter both respondents contended that the Bank should have been assessed for the new structure and they protested the direction of the assessment for the new structure to Georgetta as well as the payment of the tax levied pursuant to the assessment.

The State of Nevada prohibits the levy of a tax on the personal property of banks (NRS 367.040) but requires a tax to be levied on the shares of stock in banks (NRS 367.030). The Federal Government has allowed the several states to impose a tax on the share of stock of national banks. 12 U.S.C.A. 548. The statutes also require that the real property of banks be taxed, however, banks are allowed to deduct from the tax assessment against the shares of stock the assessed value of the real property. (Previously NRS 367.030(2), now NRS 367.-025(5)). To have the new structure assessed to it was important to the Bank because of the tax offset which could be claimed.

The assessor of Washoe County, acting pursuant to an opinion of the attorney general, refused to direct the tax statement for the new structure to the Bank. The respondents filed a complaint for a declaratory judgment and to recover the taxes paid under protest. Both the respondents and the appellants moved for summary judgment. The trial court found that the new structure was the real property of the Bank, for which it was entitled to be assessed; allowed the respondents' motion for summary judgment and granted the Bank the right, pursuant to NRS 367.030, to deduct the assessment on the new structure from the assessment against the shares of stock of the Bank

and the right to recover the sum of $1,074.97, together with interest, for an over assessment in the year 1966.

As their assignments of error the appellants contend that the trial court was wrong when it (1) granted the respondents' motion for summary judgment; (2) found that the new addition to the Triune Building was real property belonging to the Bank; and (3) held that the Bank was entitled to have the new structure assessed to it as real property, and therefore entitled to deduct the amount assessed against the new structure from the assessment made upon all shares of stock of the Bank pursuant to NRS 367.030 (now NRS 367.025(5)).

We find no error and affirm the judgment of the trial court.

In the trial court, the appellants and the respondents both moved for summary judgment and each contended that there was no genuine issue as to any material fact. Although the appellants now contend that the facts are still in dispute we have read the record and find no genuine issue of fact to be determined. The appellants have apparently confused issues of fact with issues of law.

Although in recent years all levels of government seem to have ignored this basic principal, nevertheless, statutes imposing taxes are to be construed in favor of the taxpayer and most strongly against the government and are not to be extended by implication beyond the clear meaning of the language used. Commonwealth v. Hutzler, 97 S.E. 775 (Va.App. 1919); Treat v. White, 181 U.S. 264 (1900). In Meriwether v. Garrett, 102 U.S. 472 (1880), the United States Supreme Court concluded: "The power of taxation is legislative, and cannot be exercised otherwise than under the authority of the legislature."

For tax purposes the legislature, in NRS 361.035, has defined "real estate" as being among other things, "buildings" and in NRS 367.020[1] it requires that "the real property belonging to any bank . . . shall be assessed to the bank in the same manner and form as other real property is assessed to the owners thereof."

Here we find that "real estate" and "real property" are synonymous and that the new structure built by the Bank is

---

[1]NRS 367.020: "The real property belonging to any bank, subsidiary bank building corporation or affiliate bank building corporation shall be assessed to the bank in the same manner and form as other real property is assessed to the owners thereof."

real property. (Dabney v. Edwards, 53 P.2d 962 (Cal. 1935)), and that it is the intention of the Bank and Georgetta that the new structure, for the duration of the lease, is the real property of the Bank.

The lease provides that, "The new structure, however, shall become and remain a part of the realty at the expiration, or sooner termination, of this lease." Clearly this means that the new structure was not intended to be a part of realty until the lease terminated. The new structure is to be owned exclusively by the Bank until that event occurs.

It is significant that here the appellants have raised some circumstantial facts that might be construed to show that the new structure was nothing more than a part of the realty and the respondents have countered with very persuasive circumstantial facts that tend to show separate ownership of the new structure by the Bank, but the direct evidence is unmistakable. Both respondents, Georgetta and the Bank have contended from the outset that the Bank is the present owner of the new structure, and this position is unmistakably supported by the wording of the lease.

In the absence of an agreement delineating the interests of the respective parties, the ownership and title of permanent structures built by one entity upon the lands of another generally accrues to the holder of the title to the land but the parties may by contract agree that one may be the owner of the building and the other the owner of the land, and if the parties so agree one entity may have a tax levied against it for the underlying land and another for the building located thereon. Portland Terminal Co. v. Hinds, 39 A.2d 5 (Me. 1944), Muller v. Board of Assessors, 93 N.Y. 308 (1883). Here the Bank and Georgetta agreed that the Bank would own the new structure for the duration of the lease while Georgetta would continue to own the underlying land.

The lease between the respondents, read in the light of NRS 361.035, NRS 367.020 and NRS 367.030 (as it was in effect when the assessment was made in 1966) clearly shows that the Bank was entitled to have the new structure assessed to it as its real property.

The appellant criticized the trial court because it followed the holding in Portland Terminal Co. v. Hinds, supra, and attempted to delineate that action of the trial court as error.

We find no error and further find that the criticism is unfounded and subscribe to the holding in that case. There the court rejected the so-called Massachusetts rule that the interest of the building owner is a mere contractual right operating only between the parties and that the building is taxable to the lessor as the owner of the entire property, and held that the interest of the building owner attains to the status of a separable and distinct estate and the building is taxable to the building owner.

The appellants place strong emphasis upon the fact that the lease contained no removal clause and for that reason they infer it to be the intent of the respondents that the owner of the underlying fee is the owner of the new structure. We do not agree. In the case of Portland Terminal Co. v. Hinds, supra, that court said: "We make no distinction between the buildings located within the railroad right of way of the appellant and those located outside thereof. In either case, the building owner has a property right taxable to him as owner. Nor do we make a distinction in regard to that building located on the land, the lease of which provided that, at the termination of the lease, the building should become the property of the lessor. During the term of the lease, the lessee was the owner of the building and to him it was taxable."

The appellants also rely on Marshall & Ilsley Bank v. Leuch, 144 N.W. 1122 (Wis. 1914). A careful reading of that case shows it to be distinguishable on its facts. There the bank built a building upon leased land and attempted to have the underlying land assessed to it. Here the Bank is not attempting to have the underlying land assessed to it but only the new structure.

In order to avoid double taxation our legislature has allowed reduction in the assessment against a bank's capital stock by the amount of the valuation of the real property. When, as here, a bank has permanently invested a part of its assets in a building located on the land of another, that sum permanently invested must be represented in the gross value of the bank's capital stock as fixed by the tax assessment. At the time the bank's capital stock is taxed, the permanent structure is fully taxed.

The district court was correct in deciding that the respondent Bank should have taxes levied against the new structure directed to it and should be allowed to deduct the assessed

valuation of the new structure from the assessed valuation of its capital stock.

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.