THE STATE OF NEVADA, NEVADA GAMING COMMISSION, Appellant, v. SOUTHWEST SECURITIES, A Nevada Limited Partnership, Respondent.

No. 22264

May 18, 1992                                              832 P.2d 387

---

[1]THE HONORABLE CLIFF YOUNG, Justice, voluntarily recused himself from participation in the decision of this appeal.

*Frankie Sue Del Papa,* Attorney General, Carson City, and *Neil H. Friedman,* Deputy Attorney General, Las Vegas, for Appellant.

*Jones, Jones, Close & Brown* and *Mark Lerner,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

Respondent Southwest Securities ("Southwest") owned real property consisting of the Marina Hotel & Casino ("Marina") in Las Vegas, Nevada. On December 31, 1980, Southwest leased the Marina to Airport Casino, Inc., and thereafter Airport Casino operated the hotel and casino. In February 1984, Airport Casino filed for protection under Chapter 11 of the Bankruptcy Code. On April 2, 1987, the bankruptcy court converted the proceeding from Chapter 11 to Chapter 7 and appointed trustees to continue operating the hotel and casino. Appellant Nevada Gaming Com-

mission ("Commission") licensed the bankruptcy trustees to conduct gaming at the property. On June 20, 1988, the trustees paid annual slot machine taxes for the operation of 568 slot machines for the period of July 1, 1988, through June 30, 1989.

In September 1988, the Commission licensed Southwest to take over the Marina's gaming operations from the bankruptcy trustees. Southwest commenced operating the Marina on the first day of the following month. The Commission required Southwest to pay a prorated annual slot machine tax for the operation of the same 568 slot machines for the period of October 1, 1988 through June 30, 1989. The taxes were paid by the trustees and Southwest pursuant to NRS 463.385 which in 1988 provided in pertinent part as follows:

> Annual tax upon slot machines: Imposition; collection; deposit and use of receipts.
> 1. In addition to any other license fees and taxes imposed by this chapter, there is hereby imposed upon each slot machine operated in this state an annual tax of $250. If a slot machine is replaced by another, the replacement is not considered a different slot machine for the purpose of imposing this tax.
> 2. The commission shall:
> (a) Collect the tax annually on or before June 20, as a condition precedent to the issuance of a state gaming license to operate any slot machine for the ensuing fiscal year beginning July 1, from a licensee whose operation is continuing.
> (b) Collect the tax in advance from a licensee who begins operation or puts additional slot machines into play during the fiscal year, prorated monthly after July 31.

In May 1989, pursuant to NRS 463.387, Southwest filed a claim with the Commission for a refund, alleging that an overpayment resulted from Southwest's payment of taxes for the operation of its 568 slot machines from October 1, 1988, through June 30, 1989, because the tax had already been paid on the same machines for the same time period by the bankruptcy trustees. Southwest's claim alleged that the annual slot machine tax imposed by NRS 463.385 is a personal property tax which can be imposed and collected on the same slot machines only once in any tax period, regardless of a change in the ownership of the machines.

The Commission heard and thereafter rejected Southwest's claim in a decision filed on October 19, 1989. The Commission's decision and order held, in part, that the tax imposed by NRS 463.385 is a privilege tax incident to the operation of slot

machines. Southwest sought relief from the Commission's decision by filing a complaint in district court pursuant to NRS 463.387 (claimant denied refund by Commission may bring court action for recovery of amount disallowed).

Southwest moved for summary judgment and the Commission filed a cross-motion for summary judgment. The Commission argued that the annual slot machine tax imposed by NRS 463.385 is an excise tax and therefore is not subject to the prohibition against double taxation.[1] The district court rejected the Commission's position and entered summary judgment in favor of Southwest.

During the 1991 session of the legislature, NRS 463.385(1) was amended to include the word "excise." In relevant part, the statute now provides:

463.385 Annual excise tax upon slot machines: Imposition; collection; deposit and use of receipts.

1. In addition to any other license fees and taxes imposed by this chapter, there is hereby imposed upon each slot machine operated in this state an annual excise tax of $250. If a slot machine is replaced by another, the replacement is not considered a different slot machine for the purpose of imposing this tax.

## DISCUSSION

Southwest contends that the annual slot machine tax is a tax on personal property intended by the legislature to be collected only once during each tax year. Because the annual slot tax was called a "tax" instead of a "license fee" or "excise tax," Southwest concludes that this language demonstrates that the legislature did not intend NRS 463.385 to be a license fee. Furthermore, Southwest argues that because NRS 463.385 is called an annual tax, the legislature intended the tax to be imposed only once a year. Finally, Southwest contends that because the tax is imposed on slot machines rather than persons, it is a property tax. The distillate of the foregoing facts and legal premises, according to Southwest, is that the annual slot machine tax, NRS 463.385, is a

---

[1]An excise tax is not subject to the constitutional prohibition against double taxation. *See* Fox Bakersfield Theater Corp. v. City of Bakersfield, 222 P.2d 879, 882 (Cal. 1950) (assessment of excise taxes more than once in the same time period is not unconstitutional). However, a property tax can be imposed only once during a tax period and is subject to the constitutional prohibition against double taxation. State v. Carson & Colo. Ry. Co., 29 Nev. 487, 500, 91 P. 932, 934 (1907); State v. Carson City Sav. Bank, 17 Nev. 146, 155, 30 P. 703, 705 (1882) (there can be no double taxation of property).

personal property tax. *See* State v. Pioneer Citizens Bank, 85 Nev. 395, 398, 456 P.2d 422, 423 (1969) (statutes imposing taxes are to be construed in favor of the taxpayer).

The Commission raises three basic reasons in support of its position that the slot machine tax imposed by NRS 463.385 is an excise tax for the privilege of placing slot machines into play. First, the $250.00 tax per slot machine is levied only when the slot machine is put into play, and no tax is levied against slot machines in storage. Second, the tax is levied without assessment or regard for the value of the property being taxed. Third, the payment of the tax is a condition precedent to the exercise of the privilege of operating a slot machine. Cherry Hills Farms, Inc. v. City of Cherry Hills, 670 P.2d 779, 782 (Colo. 1983) (en banc) (unlike a property tax, an excise tax is imposed for the right to exercise a privilege and its payment is a condition precedent to the exercise of the privilege); Walker v. Bedford, 26 P.2d 1051, 1053 (Colo. 1933) (unlike a property tax, an excise tax is measured by the extent a privilege is exercised by the taxpayer without regard to the value of taxpayer's assets). The Commission concludes, consonant with the foregoing points and authorities, that the annual slot machine tax is an excise tax that may be imposed more than once during the same tax period if the ownership of the slot machines change.

In addition, the Commission insists that the 1991 legislature defined its original intent by amending NRS 463.385 to include the term "excise." The Commission contends that the amendment is persuasive evidence of the legislature's original intent in enacting NRS 463.385. Sheriff v. Smith, 91 Nev. 729, 734, 542 P.2d 440, 443 (1975) ("[w]here a former statute is amended, or a doubtful interpretation of a former statute rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute").

The annual slot machine tax is assessed only on slot machines operated in Nevada, and is therefore an excise tax because the tax is based upon the privilege of using property, rather than the value and ownership of the property. *See* Cutter Flying Service, Inc. v. Property Tax Dept., 572 P.2d 943, 949 (N.M.Ct.App. 1977) ("[e]xcise taxes, such as occupational, license, privilege and franchise taxes, are charges for the privilege arising from the use of property, while property taxes are taxes directly on the property itself"). A privilege or excise tax is not subject to the constitutional prohibitions against double taxation. *See* Fox Bakersfield Theater Corp. v. City of Bakersfield, 222 P.2d 879, 882 (Cal. 1950). Moreover, we agree with the Commission that

in 1991, the legislature clarified the existing law by amending NRS 463.385 and adding the word "excise," thus leaving no room for doubt as to the nature of the tax. *See* Welfare Division v. Maynard, 84 Nev. 525, 529, 445 P.2d 153, 155 (1968) ("[a] statutory enactment can be simply a legislative pronouncement of already existing law").

Finally, we also conclude that the Commission properly applied NRS 463.385 in collecting the prorated tax in advance from a licensee who begins operation during the fiscal year. *See* NRS 463.385(2)(b).

For the reasons specified above, we reverse the district court's summary judgment in favor of Southwest and remand with instructions to enter summary judgment in favor of the Commission.

MOWBRAY, C. J., SPRINGER, STEFFEN and YOUNG, JJ., and SULLIVAN, D. J.,[2] concur.